EARL F. STANTON *vs.* BENJAMIN C. HAWKINS, Admr.

APRIL 2, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1) *Exceptions. Time. Notice.*

Where a notice of the decision of the justice of the Superior Court was duly sent by mail by the clerk to the attorney of each party, in accordance with the statutes, and rules of court, legal notice was given, regardless of the fact whether the notice was received or not.

SCIRE FACIAS against bail. Demurrer to declaration was sustained and plaintiff excepted. Heard on motion of defendant to dismiss plaintiff's bill of exceptions and motion granted.

STEARNS, J. This is an action of *scire facias* against bail. The defendant demurred to the declaration and the issue on the demurrer was argued before one of the justices in the Superior Court on the 3rd day of October, 1917. On the 15th of October, 1917, the court filed a rescript in the case sustaining the demurrer, and on the same day notice of the decision was duly sent by mail by the clerk of the Superior Court to the attorney of each party.

On the 30th of November, 1917, the attorney for the plaintiff filed an affidavit in the Superior Court in which he stated that he did not receive any notice of the decision upon said demurrer until the 23d day of November, 1917, when upon inquiry he was informed that a decision had been rendered on the demurrer; that he immediately on said day looked at the records of the court and found that a decision had been filed on the 15th of October, and that he looked in all possible places where the copy of said rescript might be in his office and found no trace of it. The affidavit also contained what purported to be an exception to the decision of the court as follows: "The plaintiff therein, Earl F. Stanton, therefore files an exception to said decision of the court sustaining said demurrer to said writ of *scire facias* and

hereby excepts to said decision within seven days after knowledge and notice of said decision."

Upon the same date, November 30, 1917, a notice of intention to prosecute a bill of exceptions and a bill of exceptions were filed in the office of the clerk of the Superior Court. This bill of exceptions on the 7th day of December, 1917, was allowed by the justice of the Superior Court, and an exception to this action of the court was duly taken by the defendant.

The case is before this court on the motion of the defendant to dismiss the plaintiff's bill of exceptions. The defendant claims that the exception of the plaintiff to the action of the trial justice was not duly taken and the notice of intention to prosecute a bill of exceptions was not filed in time. These objections will be considered together as the language of the statute applicable to each is the same.

In Section 10, Chapter 298 of the General Laws, 1909, it is provided that exceptions to a final decision in a cause heard by the court without a jury may be taken by filing the same in the office of the clerk within seven days after notice of the decision, and by Section 17 it is provided that in order to prosecute a bill of exceptions to the Supreme Court notice of intention to prosecute a bill of exceptions must be filed in the office of the clerk of the Superior Court within seven days after notice of decision.

Section 11 of Chapter 298 as amended by Chapter 426 of the Public Laws provides as follows: "The clerk shall give immediate notice to the parties, or to their attorneys of record, of final decisions in causes heard by the court without a jury, of decisions upon motions for a new trial and in arrest of judgment, and of decisions upon all interlocutory matters, in such manner as the court shall by general rule or special order prescribe: *Provided*, that if any such decision shall be rendered immediately upon the close of a hearing, such notice shall not be required."

Rule 30 of the Rules of Practice of the Superior Court is as follows: "The clerk shall give notice in writing of the

decision in a cause heard by the court without a jury, of decision upon a motion for a new trial, of the opening of the report of a master in chancery, and of any other matter with regard to which the court is required by law to prescribe the manner of notice by the clerk, by mailing such notice directed to the attorney of record of said party at the place of the office of said attorney of record.   In case there be no attorney of record of any party, notice shall be given to such party in such manner as a justice of the court may specially direct."

The plaintiff claims that the seven days provided for by the statute commenced to run from November 23, 1917, when the plaintiff's attorney first had knowledge of the decision by his examination of the record or, in other words, that the word "notice" as used in the statute referred to means actual knowledge.   The terms "notice" and "knowledge" are not synonymous in the law.   Without attempting to cite numerous authorities in support of this proposition it is sufficient simply to refer to several familiar illustrations. By Sections 6 and 7, Chapter 253, General Laws of 1909, provision is made for the recording or filing of a variety of instruments specified therein such as contracts for the sale of land, deeds, mortgages, etc., and it is expressly provided in the statute that such record or filing shall be constructive notice to all persons of the contents of such instruments. Again in Section 12, Chapter 247, it is provided that the court may by general rule prescribe the notice to be given of petitions of divorce, within or without the State.   Rule 4 of Rules in Divorce of the Superior Court provides that the court may authorize notice by publication in the newspaper in cases when the residence or address of the adverse party is unknown.   In the class of cases above referred to it is held if the statutory requirements have been complied with, that legal notice has been given and it is immaterial that the party whom it is sought to bind by such notice had no actual knowledge of the facts.

In *Cranston Print Works* v. *Whalen*, 27 R. I. 445, the action was one of trespass and ejectment. The statute required that written notice be given to terminate a letting from month to month, but did not prescribe either the form of notice or any particular mode in which it must be served. The court held that a written notice directing the defendant to quit which was delivered to the wife of the tenant upon the premises, the defendant himself being absent, was a sufficient compliance with the requirements of the statute and it was immaterial that the tenant had no actual knowledge of the notice, as the statute did not require personal notice to be made upon the tenant.

In the case at bar as the method prescribed by the statute and rules of the Superior Court for the giving of notice has been followed, we are of the opinion that legal notice was given to the plaintiff on October 15, 1917, when notice of the decision was mailed to the attorney of the plaintiff, and that regardless of the fact whether the notice was received or not.

The statute in regard to bills of exceptions is jurisdictional. *Batchelor* v. *Batchelor*, 39 R. I. 110.

As the exception was not taken and notice of intention of filing the bill of exceptions was not filed within seven days after notice was mailed this court is without jurisdiction to consider the bill of exceptions.

The motion of the defendant to dismiss the bill of exceptions is granted and the case is remitted to the Superior Court for further proceedings.

*A. B. Crafts*, for plaintiff.

*Waterman & Greenlaw*, for defendant.     *Charles E. Tilley*, of counsel.