NATIONAL CASKET CO., INC., *vs.* BESSIE M. MONTGOMERY, *Admx.*

FEBRUARY 5, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. Heard on plaintiff's bill of exceptions. Defendant was appointed July 22, 1930, administratrix of the estate of Fred L. Montgomery, deceased. Plaintiff's claim was filed in the probate court and was disallowed by one of the creditors of the estate January 27, 1931. By a writ dated July 14 and served on defendant July 25, 1931, plaintiff began an action in assumpsit against the administratrix to recover his claim. Neither the writ nor a declaration was entered in the Superior Court on the return day of the writ, August 10, 1931.

On September 28, 1931, on the motion of plaintiff filed that day, an order was made by a justice of the Superior Court without notice to or hearing given to defendant whereby plaintiff was granted permission to enter its writ as of the return day of the writ and to file its declaration within ten days after September 28. Thereafter defendant filed a motion to have this order vacated. After hearing the parties, the motion to vacate the order was granted October 3 and, after further hearing on October 5, 1931, plaintiff's petition for permission to enter its writ was denied.

The case is here on plaintiff's exception to this action of the court. The question is whether plaintiff is entitled to relief under Section 1, Chapter 335, G. L. 1923, which provides that: "Whenever any civil action (except in a district court), or whenever any appeal, shall not be entered accord-

ing to law, the court to which the same is returnable may, in case of accident, mistake, or unforeseen cause, in its discretion, allow the same to be entered with or without terms . . . ."

The annulment of the order entered September 28 was correct. The court thereby rectified a mistake due to an incorrect statement of fact made by plaintiff's attorney on an *ex parte* petition.

Plaintiff's attorney testified that he left the city for the week-end, Saturday, August 8, and at his request a constable, whom he knew and at times employed, agreed to enter the writ but that the constable failed to do so. On the attorney's return to the city, August 10, he made no enquiry of the constable. Later he allowed the assignment day of his action to pass unheeded. In August, 1931, a creditor of the estate began proceedings in the probate court to have the administratrix adjudged guilty of unfaithful administration for her failure to pay his claim. At the hearing in the probate court, September 23, counsel for the administratrix stated that a representation of insolvency of the estate and a request for the appointment of commissioners might be necessary, and thereupon the hearing was continued. Counsel for the administratrix at once communicated with plaintiff's counsel and both were then uncertain as to the status of plaintiff's claim if the estate should be adjudged insolvent. Soon thereafter plaintiff's counsel filed this motion for permission to enter his writ and declaration. The doubt as to plaintiff's right to prove his claim arose from the provisions of Section 11, Chap. 365, G. L. 1923, as follows: "Suit may be brought on a disallowed claim within six months after notice is given to the claimant that the same is disallowed, unless the estate has theretofore been represented as insolvent or request that said claim be proved before commissioners has been duly filed; and, unless otherwise authorized, suit on such claim shall not be brought thereafter against the executor or administrator. If, subsequent to the expiration of such period of six

months, the executor or administrator shall represent the estate as insolvent, a disallowed claim, on which suit is barred by the aforegoing provision of this section, shall not be provable before commissioners thereafter appointed to examine and determine claims."

Counsel for plaintiff also testified that when he took the case he told his client that it was "more or less hopeless" but that he would bring the action. His excuse for failure to enter the writ is two-fold: The neglect of his agent to enter the writ and because he was informed that the estate would be adjudged insolvent if his claim was allowed. Until counsel heard of the possible insolvency of the estate he was indifferent to the fortune of his action in the Superior Court. He has not yet drawn a declaration which he considers to be sufficient. He gave no attention to the action at law until the right to prove his client's claim in the probate court was questioned.

The statutory provision for relief when a civil action is not regularly entered is intended to prevent unnecessary injury to litigants. It should be and has been applied with liberality by this court to promote the ends of justice. The statutory provisions for the settlement of estates are specific and are designed to secure a prompt settlement. The limitation of time for the various proceedings is necessary and indispensable to the orderly conduct of administration.

The basic reason for the application for relief is a mistake of law. Although the initial cause of the failure to enter the writ was due to accident or mistake, it was also due to some extent to the negligence and the inattention of counsel.

In *Donahue* v. *R. A. Sherman's Sons Co.*, 39 R. I. 373, the decisions on the statute for relief are reviewed. As therein appears, no hard and fast rule has been established whether the mistake is due to negligence, is one of fact or one of law. Each case is to be decided on its merits by the exercise of a sound judicial discretion.

The relief provided by statute is not one of legal right but is discretionary. The exercise of this judicial discretion by a lower tribunal will be sustained, unless·it appears that there has been an abuse of such discretion. *Tillinghast* v. *Iverson,* 50 R. I. 23; *Torek* v. *Butler,* 50 R. I. 347.

In the instant case the claim is of doubtful validity and it has not been maintained with promptitude or certainty. In the circumstances we find no error in the action of the Superior Court.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*John B. Edwards,* for plaintiff.

*Hogan & Hogan, Laurence J. Hogan,* for defendant.