ARTHUR BEAUMIER *vs.* OSCAR PROVENSAL.

JULY 21, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for malicious prosecution which was tried before a justice of the superior court sitting with a jury, and resulted in a verdict for the plaintiff for $2485. The defendant duly filed a motion for a new trial, which was denied by the trial justice upon the filing in court by the plaintiff of a remittitur of all of said verdict in excess of $1500. To this decision, the defendant took an exception, which, together with several other exceptions taken during the trial, forms the basis of the bill of exceptions which the defendant has duly prosecuted to this court.

The defendant relies on only exceptions seventeen and fourteen in his bill, relating, respectively, to the denial of

his motion for a new trial and to his objection to a portion of the charge to the jury by the trial justice. All other exceptions have been expressly waived.

We shall first consider defendant's fourteenth exception. Under this exception he contends that a portion of the charge of the trial justice, supplementing his fourteenth and fifteenth requests to charge, which were granted, was erroneous because it "presupposed the existence of a set of facts unwarranted by the evidence." He argues further that such alleged error may well have prejudiced the jury to the belief that the defendant had used improper means to secure the warrant for the arrest of the plaintiff. There is no merit in this exception.

Whether the defendant acted with improper motives or used improper means to induce the magistrate to issue the warrant for the arrest of the plaintiff was, under all the evidence in this case, a proper question for the jury to consider. The criminal complaint which the defendant personally brought against the plaintiff and to which he swore and signed his name charged in plain and simple language the larceny of an automobile by the plaintiff. The evidence is that the defendant was explicitly advised by his counsel that the plaintiff was probably guilty of the crime of "concealment of property of another" under the law of Massachusetts, if the facts stated to counsel by the defendant were true. Notwithstanding such advice, defendant went to Southbridge, Massachusetts and signed and swore to the complaint charging that "the plaintiff did steal an automobile of the value of $525.00."

It was for the jury to say, in view of the acquittal of the plaintiff on this charge and the failure of the defendant to follow the advice of his counsel and bring a complaint in accordance with such advice, whether or not the defendant acted with improper motives or used improper means, that is to say, gave the magistrate who issued the warrant for plaintiff's arrest improper information to induce the magistrate to issue the warrant for plaintiff's arrest on the charge

of larceny. The action of the trial justice in thus supplementing the instructions requested by the defendant was, therefore, not erroneous and the defendant's fourteenth exception is overruled.

The defendant contends under his seventeenth exception that the damages awarded are clearly excessive and that the verdict of the jury was against the law and the evidence. The trial justice has approved the verdict, except as to the damages. In the exercise of his more experienced judgment and after a careful consideration of all the evidence, he has reduced the damages of $2485, awarded by the jury, to $1500, and the plaintiff has duly filed his remittitur of all of the verdict in excess of that sum. Unless, therefore, it appears from the evidence that the decision of the trial justice is clearly wrong, or that it fails to do substantial justice between the parties, we will not disturb it. *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292.

There was evidence here on which the jury reasonably could have found that there was lack of probable cause for charging the plaintiff with larceny. They also could have reasonably found from the evidence that the defendant did not bring his complaint out of a sense of public duty, to assist the state in the prosecution of the criminal laws, but rather resorted to bringing a criminal charge against the plaintiff in the hope and expectation that the plaintiff's arrest would result in the payment of the debt he owed defendant. This is evident, both from the conference which was had by defendant's counsel with the plaintiff in the jail at Southbridge on the first night of plaintiff's imprisonment, and defendant's failure further to prosecute the plaintiff, in the face of the expression of the opinion of the justice of the district court, who heard the complaint against the plaintiff, that the plaintiff was not guilty of larceny but might be held on the facts on a charge of concealment of property of another.

There was also other testimony on which the jury could reasonably have come to the conclusion that the defendant

was interested only in the payment of the debt owed to him or in the recovery of his property, and that having accomplished one of these private objectives, namely the recovery of his automobile, he was no longer interested in pursuing any public service in prosecuting the plaintiff on criminal charges. Finally the jury could reasonably have concluded from all the evidence that the defendant was actuated by malice in bringing the charge, of which the plaintiff was acquitted.

The defendant contends very strongly against this view, and has cited a large number of cases in support of his contention that the evidence fails to prove malice or lack of probable cause. We do not quarrel with those cases, but they are not helpful to the defendant on the evidence which has been presented here. It is true that clear proof of malice and want of probable cause must be established by the plaintiff in an action for malicious prosecution. *Lee v. Jones*, 44 R. I. 151. But malice, like fraud, is not often susceptible of direct proof. It must be inferred more often than not from conduct, and where one prosecutes another for an offense, without reasonable or probable cause for believing the other party is guilty of the offense charged, malice may be inferred from such act of prosecution.

The jury's verdict, based as it must be on the finding of lack of probable cause for the defendant's believing the plaintiff guilty of the crime of larceny, was not without support from the evidence. It would seem that a man of ordinary prudence would not, especially after having received clear and explicit advice from his counsel, have prosecuted such a charge, and it is no excuse for the plaintiff to say that he did not read the complaint when he signed it. Defendant knew what offense, if any, plaintiff was probably guilty of, as he had been precisely advised thereof by his counsel, and yet he carelessly brought against the plaintiff a charge which was entirely different from the advice he had received, and of which he had no reasonable grounds to believe the plaintiff was guilty. The mere fact that de-

fendant consulted counsel is not sufficient to excuse him, unless he truthfully informed counsel of all the facts, and then only when he honestly believes the accused guilty. *Kitchen* v. *Rosenfeld*, 44 R. I. 399. But here the defendant obtained advice from counsel and then did not follow it. We think the jury was justified in coming to such a conclusion. How else can the defendant explain his signing and swearing to a complaint that alleged in simple words an offense in no way resembling the specific statutory offense which the defendant's counsel explicitly advised him that the plaintiff was probably guilty of?

The contention of defendant that a mistake was made by the magistrate, in issuing the warrant and complaint for larceny instead of for concealment, was rejected by the jury, and there is evidence from which they could reasonably infer that the plaintiff had not conveyed to the magistrate in Southbridge fully, frankly and fairly all of the information which he had given to his counsel in Woonsocket. On all the evidence we cannot say that the jury were not justified in finding that there was malice and lack of probable cause, notwithstanding the fact that defendant had consulted counsel prior to bringing the complaint. We are also of the opinion, especially in view of the fact that the plaintiff was confined in jail nine days and nine nights before trial, with the attendant, prominent publicity on the front page of the daily newspaper of his home town of Southbridge, that the jury was warranted in awarding substantial damages to the plaintiff.

The trial justice found the damages awarded by the jury were too high. We are in accord with that finding, and while we think the figure of $1500 set by him is still somewhat generous and perhaps larger than we would have approved, nevertheless, we cannot say that it is excessive. We are not warranted in setting up our judgment of the damages over that of the trial justice and the jury, unless we are convinced that the damages awarded are not reasonably responsive to the evidence and are the result of passion and

prejudice toward the defendant, or the result of a feeling of sympathy and favoritism toward the plaintiff. It is not enough to say, as the defendant appears to do in his brief, that merely because this plaintiff is not a man of elevated social standing in his community or well known in business or professional pursuits, his imprisonment and prosecution has not greatly injured him. Humble and obscure though his station in life may be, his liberty and his good name are as precious to him as to one in a more exalted position. It has been well said that it is a very grave proceeding indeed for one, without probable cause, to prosecute a fellowman for an infamous crime, and grave should be the consequences to the prosecutor. In this instance, substantial though the damages are, which the defendant must pay to the plaintiff for the injury he has done, we cannot say that the decision of the trial justice is in this respect unjust to the defendant. Defendant's seventeenth exception is therefore overruled.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the verdict as modified by the plaintiff's remittitur.

*Raoul Archambault,* for plaintiff.
*Adonat J. Demers,* for defendant.