ROBERT E. QUINLAN *vs.* ANNA BRESLIN.

JULY 20, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action on the case for malicious prosecution of the plaintiff on a criminal charge of assault and battery. It was tried before a justice of the superior

court, sitting with a jury, who, at the conclusion of the plaintiff's case, granted the defendant's motion for a nonsuit. The case is before us solely on the plaintiff's exception to this ruling.

The facts are practically undisputed. The evidence shows that the plaintiff was arrested by the police of the city of Cranston and delivered into the custody of the police of the city of Warwick on a private complaint for an alleged assault and battery on the person of this defendant. Upon entering a plea of not guilty in the criminal case, the plaintiff here was admitted to bail, and on the day fixed by the court he duly appeared with his attorney, ready for trial. On that day the prosecutrix, the defendant in the instant case, did not appear, but her attorney did. When the criminal case was called for trial, the attorney informed the court that the present plaintiff was not the person guilty of the assault and battery upon his client, as she had sworn in her private complaint which was then before the court. The court thereupon dismissed the complaint and discharged the defendant, the present plaintiff.

The plaintiff testified that he had never seen the defendant; that he was not in the city of Warwick at the place where the defendant claimed the alleged assault and battery was committed; and that on the day in question he was working in the city of Cranston. He further testified that, prior to his arrest, he received a letter from a firm of attorneys informing him that they were retained by the defendant "to bring prosecution—for damages" against him because of the alleged assault and battery, but that he ignored this letter because he did not know the defendant and had not committed such offense. There was also testimony from the plaintiff tending to show direct damage to him as a result of the criminal case which the defendant had brought against him.

On this state of the evidence, the trial justice granted the defendant's motion for a nonsuit on the grounds that the

plaintiff had presented no evidence of the want of probable cause or of malice on the part of the defendant. In this stage of the case, the credibility of the witnesses or the weight of the evidence was not open to consideration by the trial justice. The nonsuit was improperly entered if, construing the testimony and the reasonable inferences therefrom most favorably to the plaintiff in accordance with our well-established rule, such testimony and inferences raised issues of fact requiring explanation by the defendant.

Although public policy favors prosecution for crime, yet a person instituting such proceedings must act in good faith and upon reasonable grounds. Probable cause in a prosecution for crime is the existence of a state of facts sufficient to cause an ordinarily careful and prudent person to believe the accused guilty. *Fox* v. *Smith*, 25 R. I. 255. The issue on this point in the instant case was not whether the defendant had reasonable grounds to swear out a private complaint for assault and battery, but rather whether she had reasonable grounds to do so *against this plaintiff.* While it is true that the burden of proving want of probable cause is upon the plaintiff, such proof in the first instance is, in the nature of things, usually of a negative character, as the motives and circumstances which induce a defendant to act, as the defendant did in the instant case, are best known to the defendant. *Brown* v. *Selfridge*, 224 U. S. 189; 18 R. C. L. 51. It was incumbent on the plaintiff here to adduce whatever proof he had, even though negative in character, which, when reasonably construed would be legally sufficient to establish a *prima facie* case. Such proof, in the absence of explanation by the defendant, will ordinarily raise a presumption of the want of probable cause, which the defendant, who has actual knowledge of the facts, is called upon to meet with competent evidence of probable cause.

The defendant here brought about the dismissal of her private complaint against the plaintiff by failing to pro-

secute the same. In so far as she was concerned, this amounts to a voluntary dismissal of the prosecution. The fact that her attorney, on the day set for the trial of the case, stated to the court that the plaintiff was not the person who had assaulted the defendant does not alter the situation. The failure of the defendant to prosecute the criminal case, thereby causing the discharge of the plaintiff, was *prima facie* evidence of the want of probable cause, and the presumption, thus created against her, called for the presentation of competent evidence by her that there was in fact probable cause for instituting the criminal proceedings. If the defendant had probable cause, then the dismissal of such proceedings will not render their institution actionable. See *Kolka* v. *Jones,* 6 N. D. 461; *Williams* v. *Vanmeter,* 8 Mo. 339. The existence or want of probable cause was, therefore, an issue of fact in the instant case, which the defendant was required to meet by competent evidence.

The question of malice, which also is an issue of fact, arises from the want of probable cause if the circumstances warrant a finding of malice. Malice may be inferred from the want of probable cause. It is not necessary to prove actual ill will in order to establish malice. A wanton disregard of the rights of others, or reckless and oppressive conduct, may furnish reasonable ground for inferring malice from the want of probable cause, according to the circumstances in each particular case. *Atkinson* v. *Birmingham,* 44 R. I. 123. Furthermore, malice may reasonably be inferred, if the evidence shows or tends to show that the criminal proceedings were instituted for the private purpose of enforcing a civil claim and not for the purpose of vindicating the law. See *Atkinson* v. *Birmingham, supra,* at page 129.

So far as the record before us discloses, the plaintiff was not present at the time or place of the alleged assault on the defendant. If she acted without probable cause in

instituting the criminal proceedings, then the question of malice would arise, and its existence would depend upon all the circumstances and reasonable inferences therefrom, including the letter from the defendant's attorneys notifying the plaintiff that they had been retained by the defendant "to bring prosecution—for damages" for the alleged assault and battery on her.

The trial justice erred in nonsuiting the plaintiff in the circumstances of this case.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Armenag Thomasian, Charles A. Curran,* for plaintiff.
*Briggs & Doyle, David P. Doyle,* for defendant.