ERMINE WOOD *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

APRIL 10, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an action of trespass on the case for negligence which was tried in the superior court to a jury and resulted in a verdict of $2,500 for the plaintiff. Thereafter defendant filed a motion for a new trial on the

usual grounds. The trial justice sustained the motion on the ground that the damages were grossly excessive and granted a new trial unless the plaintiff remitted all of the verdict in excess of $800. The plaintiff declined to file such remittitur and excepted to the trial justice's decision. The case is here solely on that exception.

It appears from the record that on December 3, 1945 plaintiff was injured while a passenger on defendant's motor bus when it collided with a truck on Hope street in the town of Bristol in this state. The impact of the collision jolted plaintiff from her seat with such force that she was thrown across the aisle of the bus and became wedged between two seats on the opposite side. She had to be assisted to her feet and thereafter complained of pains in her lower back. She testified that she was treated therefor by a Dr. Petrucci five times and that she paid him $10; also that she was treated by a Dr. Foley the same number of times. However, she did not call either physician to testify at her trial. She did call Dr. Battey, a chiropractor, who also treated her five times and received $10 for his services. His testimony concerning plaintiff's injuries was sketchy to say the least and in the opinion of the trial justice did not amount to credible medical testimony.

On the whole the evidence of the nature and extent of her injuries was inadequate to prove any serious disability as a result of the accident nor was it any greater in proof of loss of earnings which she alleged to be due thereto. The trial justice nevertheless recognized that there was some evidence of disability though not of a serious nature and also of a few minor items of pecuniary loss, and for those reasons he approved the verdict for plaintiff but not the amount of the damages. He stated in his decision that he felt the jury had not carefully weighed the evidence on that question but had solved the problem by halving the amount of the ad damnum of $5,000 in the writ and agreeing to a compromise verdict of $2,500. He further found on his

independent view of the evidence that substantial justice would be done if he reduced the amount to $800.

Unless his decision is clearly wrong in this respect we cannot disturb it. Moreover, where a trial justice in the exercise of his more comprehensive judgment has independently weighed the evidence, found the damages awarded by the jury grossly excessive, and fixed the extent of such excess, this court is reluctant to interfere with such finding and will not do so unless it clearly appears that the damages as reduced by him are either inadequate or still grossly excessive. From our examination of the transcript we cannot reach such a conclusion and therefore we will not disturb his decision.

The plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial unless the plaintiff shall, on or before April 24, 1953, file in the office of the clerk of the superior court a remittitur in the amount fixed by that court.

*William H. McSoley, Jr.*, for plaintiff.

*William E. Boyle, William J. Carlos*, for defendant.