243 A.2d 97.

ARTHUR E. DECHAND *vs.* F. ALBERT STARR *et ux.*

JUNE 10, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a civil action to recover damages from the defendants for breach of an alleged oral contract for the performance of services. From October 13 to 19, 1965, the case was heard by a justice of the superior court sitting with a jury. On October 25, 1965, after the jury had returned a verdict for the plaintiff,[1] the defendants filed a motion for a new trial stating as grounds that the verdict was not only excessive but also against the law, the evidence, and the weight thereof.

On May 31, 1966, in passing upon this motion, the trial justice rendered a bench decision wherein he ruled that he would grant the motion unless plaintiff filed a remittitur in the amount of $250.39. On June 2, 1966, plaintiff filed the remittitur. Thereafter, on June 16, 1966, defendants, apparently acting pursuant to rules 73 (a) and (b) of the rules of civil procedure of the superior court, filed a notice of appeal to this court.

It should be noted at the outset that this case was pending when the rules of civil procedure of the superior court went into effect in January of 1966. Rule 86 states that these rules:

> "* * * govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular

---

[1] The death of the plaintiff having been suggested upon the record, an order was duly entered in the superior court substituting Margaret E. Dechand, administratrix of his estate, as party plaintiff.

> action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

On this record the steps followed by defendants seeking appellate review are faulty regardless of whether the new superior court rules or former procedure is to be applied. No judgment was entered in the case at bar. Assuming that the current superior court rules are applicable to this case, the defendants' appeal is ineffectual because these rules "* * * relative to appeals have not been satisfied." *East Providence Credit Union* v. *Brown,* 104 R. I. 92, 242 A.2d 428. Rule 73 (a) permits an appeal from an *entry* of a judgment, and rule 58 (a) says that a judgment must be set forth on a separate document and that it shall not be effective or deemed entered unless so set forth and signed by the clerk.

> "Notwithstanding these requirements, the appeal here was from the trial justice's decision, rather than from a judgment as provided for by the rules. Inasmuch as a jurisdictional prerequisite has not been satisfied, the appeal cannot be entertained."

*East Providence Credit Union, supra.*

Assuming that "former procedure" is applicable to the instant case, defendants' efforts for appellate review are equally defective because they have failed to satisfy the requirements of the "former procedure." The defendants filed neither a notice of intention to prosecute a bill of exceptions nor a bill of exceptions. *Stanton* v. *Hawkins,* 41 R. I. 501, 103 Atl. 229. They therefore have failed to comply with a jurisdictional prerequisite necessary to the entertaining of review in this court.

The defendants' appeal is denied and dismissed without prejudice, and the cause is remanded to the superior court

for entry of judgment in accordance with the new rules of civil procedure of the superior court.

*Fergus J. McOsker,* for plaintiff.

*Martin Johnson, F. Albert Starr,* for defendants.