243 A.2d 98.

ANGELO D'AGOSTINO, JR. *vs.* YELLOW CAB COMPANY OF PROVIDENCE.

JUNE 11, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an action of trespass on the case for negligence to recover damages resulting from a collision between a motor vehicle operated by the plaintiff and one owned by the defendant. The action was commenced prior to the effective date of the new superior court rules of civil procedure but was tried to a jury in that court subsequent to the effective date of said rules. At the conclusion of

the plaintiff's case the defendant moved for the direction of a verdict under rule 50(a) or that the case be dismissed without prejudice. The trial justice granted the defendant's motion for a directed verdict and dismissed the case with prejudice, and from this action the plaintiff prosecutes his appeal to this court.

On appeal plaintiff raised questions as to the trial court's authority to dismiss and as to whether plaintiff had satisfied the burden of proof to establish the negligence of defendant and his own freedom from contributory negligence. However, in the circumstances of this case, we do not reach the merits of these questions. In *Dechand* v. *Starr,* 104 R. I. 165, 243 A.2d 97, without deciding whether the new rules of civil procedure or the "former procedure" applied in cases commenced under the old rules and concluded under the new rules, we recognized that where there has been no entry of judgment under the new rules and where the appellant has filed neither a notice of intention to prosecute a bill of exceptions nor a bill of exceptions under the former procedure, this court is unable to entertain the appeal because of lack of compliance with a jurisdictional prerequisite. See also *East Providence Credit Union* v. *Brown,* 104 R. I. 92, 242 A.2d 428. On the record in this case neither of the jurisdictional prerequisites has been satisfied.

The plaintiff's appeal is denied and dismissed without prejudice, and the cause is remanded to the superior court for the entry of judgment in accordance with the superior court rules of civil procedure now in effect.

*Pucci, Zito & Goldin, J. Ronald Fishbein,* of counsel, for plaintiff.

*McGee, Gifford & Giannini, Frank J. McGee,* of counsel, for defendant.