247 A.2d 847.

FRANCES B. MULRY *vs.* INDUSTRIAL NATIONAL BANK OF RHODE ISLAND *as Executor u/w of Harry T. Mulry.*

NOVEMBER 18, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an action of the case in assumpsit.[1] After the pleadings were closed the defendant, pursuant to rule 12 (c) of the rules of civil procedure of the superior court, filed a motion for judgment on the pleadings on the ground that it was entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings. This was essentially a motion to dismiss for failure to state a claim upon which relief could be granted and was so treated by the superior court. The case is before us on the plaintiff's appeal from the judgment of the superior court granting the defendant's motion.

The facts as disclosed by the pleadings are as follows. The plaintiff and Harry T. Mulry, defendant's decedent, were formerly husband and wife. During the course of negotiations for a property settlement in connection with divorce proceedings between the parties, decedent, on August 25, 1945, entered into a written agreement with plaintiff. The agreement provided in part for certain payments to plaintiff by decedent during his lifetime and further stated that in the event decedent predeceased plaintiff, a testamentary trust would be established under his will providing for continued payments after his death. Paragraph 4 of the agreement, which provides for the creation of the testamentary trust, reads as follows:

> "In the event that the husband's net estate upon his death (after deduction of any death, estate or inheritance taxes, either state or federal, and all debts and administration expenses) is less than the sum of One Hundred Thousand ($100,000) Dollars the husband agrees to create a trust for the benefit of the wife in the sum of Twenty-five Thousand ($25,000) Dol-

---

[1]Although this action was commenced prior to January 10, 1966, the effective date of the new rules of civil procedure of the superior court, the pleadings were closed and the case was heard and determined by the superior court after the rules became effective. Under rule 86, the new rules govern this proceeding. See *Dechand* v. *Starr*, 104 R. I. 165, 243 A.2d 97.

lars; and, in the event that the husband's net estate as aforesaid is not less than the sum of One Hundred Thousand ($100,000) Dollars, the husband agrees to create said trust for the benefit of the wife in the sum of Fifty Thousand ($50,000) Dollars; and, in either event, for a period of the first six years following the husband's death, payment to the wife by the trustee shall be in an annual amount of the sum of Thirty-five Hundred ($3500) Dollars. After the expiration of said six year period the payment to the wife by the trustee shall be in the annual amount of the sum of Twenty-four Hundred ($2400) Dollars, said payments either before or after the said six year period to be made on a weekly basis to the wife by the trustee. Said trust is to continue only until the wife remarries or shall die, or until said principal sum of said trust is exhausted, whichever event shall first occur. Upon the occurrence of the remarriage or death of the wife said trust shall cease and determine and the balance then remaining in the hands of the trustees shall become part of the residuary estate of the husband."

Paragraph 10 of the agreement provides as follows:

"The parties hereto agree that this agreement is to be incorporated in, by reference or otherwise, and made a part of the final decree whenever the same is entered in said divorce proceedings divorcing the husband and wife, and is in complete substitution for the agreement of March 12, 1945, and further, it is the intention of the husband and the wife not to divest the Court of the power to modify the within agreement should future circumstances of the wife or of the husband, or the estate of the husband warrant the same. The foregoing right; in the event the husband predeceases the wife, shall pass and enure to the husband's said trustee."

On September 24, 1945, a final decree of divorce was entered by the superior court. The agreement entered into between the parties on August 25, 1945, was incorporated into the terms of the final decree. The decree ordered the payment of alimony in accordance with the agreement.

Payments of alimony in accordance with the agreement[2] and decree were made to plaintiff during decedent's lifetime.

The decedent died on September 7, 1963. On January 9, 1964, his will was admitted to probate by the probate court of the city of Cranston and the Industrial National Bank of Rhode Island was appointed executor and was duly qualified. Pursuant to the provisions of the will, a trust was established wherein plaintiff was named beneficiary. In accordance with the provisions of paragraph 4 of the August 25, 1945 agreement, the principal amount of said trust was $50,000.

The plaintiff alleges that her circumstances and those of decedent and his estate have so changed since the execution of the August 25, 1945 agreement that she is entitled to payments substantially in excess of those provided by paragraph "Third" of decedent's will pursuant to paragraph 4 of the agreement. She alleges in substance that decedent's estate was substantially larger at the time of his death than at the time of the execution of the agreement, and that her obligations had increased and her income had declined since that time. On the basis of such assertion she filed a claim in the probate court against decedent's estate seeking in effect to have the principal of the trust and the periodic payments made thereunder to her increased. She relied upon paragraph 10 of the agreement in support of her claim. The defendant bank, as executor, disallowed plaintiff's claim and, thereafter, within the statutory period, plaintiff filed the instant action in the superior court.

The defendant's answer contains two defenses which, in substance, allege that plaintiff failed to state a claim upon which relief could be granted. After a hearing on defend-

---

[2]Copies of the August 25, 1945 agreement and decedent's will are attached to defendant's answer.

ant's motion for judgment on the pleadings, the superior court filed a written decision holding that plaintiff had not stated a claim upon which relief could be granted and accordingly granted defendant's motion. Judgment was thereupon entered for defendant for costs. From such judgment plaintiff has appealed to this court.

This case presents a novel question. The superior court recognized this and stated in its decision that it had been unable to find any reported case in this state, and that neither had the parties referred to any such case, dealing with a modification of alimony or property settlement after the decease of the husband. The superior court treated this proceeding as a motion to modify an alimony decree after the decease of the husband. It stated that

> " * * * In effect, the plaintiff here seeks to modify a property settlement agreement providing for payments after the death of the husband subsequent to his decease. * * *"

It held that it had no jurisdiction under the statutes to modify an alimony decree after the decease of the husband. It further held that inasmuch as it had no jurisdiction over the question of alimony and divorce since the establishment of the family court and transfer of jurisdiction pursuant to the provisions of P. L. 1961, chap. 73, it "* * * could not assert the right to modify the obligation of the parties by entertaining under the theory of a claim against an estate a matter over which it would be powerless if the husband were alive."

For reasons to be stated we believe this decision is erroneous, and we therefore reverse the judgment based thereon.

There is no dispute about the procedure followed by plaintiff in pursuing her claim in the probate and superior courts. The defendant admits that if the plaintiff has any ground for relief such relief can be granted in the superior court because this is the only court available to plaintiff

after decedent's death under the provision of G. L. 1956, §33-11-4. We agree. *Gilbert* v. *Hayward,* 37 R. I. 303, 92 A. 625; *Kelly* v. *Harlow,* 51 R. I. 137, 152 A. 696; *National Casket Co.* v. *Montgomery,* 52 R. I. 158, 158 A. 723.

In support of her contention that the superior court erred plaintiff argues that this is not a motion to modify a final decree of divorce after the death of the husband. It is, she argues, an action to enforce the provisions of the agreement entered into between her and her former husband on August 25, 1945, specifically the terms of paragraph 10 thereof.

The defendant, on the contrary, argues that this is an attempt to modify a final divorce decree into which an agreement has been incorporated by reference; that plaintiff seeks to do this after the death of the husband and after full compliance by her former husband with a provision for establishing a trust for her further support after his death; and that a provision in a divorce decree establishing benefits for the wife which are to continue after the death of the husband is not subject to modification by the court after the death of the husband. Moreover, defendant argues, in this case the provision for the payments after decedent's death is based on a lump sum arrangement under paragraph 4 of the agreement; that when a definite amount is fixed in an agreement and the agreement is complied with, this portion of the agreement is executed and not executory; and that an executed lump sum arrangement for the support of a former wife is not subject to court modification. The defendant's final argument is that, in any event, the actual agreement between the parties does not purport to give the court authority to grant any relief to plaintiff.

Although we have stated the opposing contentions in some detail, we refrain from discussing the cases cited by the parties because, as they admit, the case at bar presents

a novel question which we must consider and determine without the aid of precedential reported cases or the benefit of scholarly writings. We believe that we are faced squarely with the question whether this action is one to modify a final decree after the death of the husband, as defendant argues, or whether, as plaintiff contends, this is in reality an action to enforce the provisions of the August 25, 1945 agreement, which was subsequently incorporated in the final decree.

We conclude that the superior court erred in treating the instant action as a motion to modify an alimony decree after the decease of the husband. In our judgment this is an action based on the August 25, 1945 agreement, wherein the plaintiff is seeking to enforce the provisions thereof. Although, in passing on the defendant's motion for judgment on the pleadings, the superior court indicated how it would construe paragraph 10 of the settlement agreement, we believe that the plaintiff was entitled to a hearing on the merits so that the superior court could interpret the agreement and determine what the actual intent of the parties was with reference to the provisions of paragraph 10. For these reasons the superior court erred in granting the defendant's motion for judgment on the pleadings.

The appeal of the plaintiff is sustained, the judgment appealed from is reversed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* for plaintiff.

*Edwards & Angell, Edward Winsor,* for defendant.