249 A.2d 650.

ARTHUR E. DECHAND *vs.* F. ALBERT STARR *et ux.*

JANUARY 31, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a civil action to recover damages from the defendants for breach of an alleged oral contract for the performance of certain services. The case was heard by a justice of the superior court and a jury and resulted in a verdict for the plaintiff in the sum of $1,000. The defendants filed a motion for a new trial on the usual grounds that the verdict was against the law, the evidence, and the weight thereof, and on the further ground that the verdict was excessive. In passing on the motion, the trial justice rendered a bench decision granting the motion unless the plaintiff filed a remittitur in the amount of $250.39. The plaintiff filed the remittitur and thereafter the defendants filed a notice of appeal to this court.

The cause was originally argued before us on May 6, 1968. After examining the record we discovered that judgment had not been entered in compliance with the provisions of rule 58 (a) of the rules of civil procedure of the superior court. Because such compliance was a jurisdictional prerequisite, we denied and dismissed the purported appeal without prejudice, and remanded the cause to the superior court for entry of judgment as required by rule 58 (a). See *Dechand* v. *Starr*, 104 R. I. 165, 243 A.2d 97. Judgment was thereafter entered for plaintiff in the sum of $749.61 plus interest. The case is now before us on defendants' appeal from such judgment.

This action was commenced prior to the effective date of the new rules of civil procedure of the superior court. For this reason we shall at times use the terminology of the old rules. The plaintiff's action is based on three separate oral agreements. His declaration is in four counts. In the

first he alleges that sometime in April 1958 defendants engaged his services to cut down and clear out all of the brush and remove all of the trees upon a certain parcel of land owned by defendants called Coldbrook Court for the agreed price of $165; that he performed all the work agreed upon; and that defendants have refused to pay him the amount agreed upon.

In the second count he alleges that defendants engaged his services to excavate to grade Coldbrook Court, so-called, as shown upon a sketch furnished to him by defendants, to spread and roll upon the excavated road gravel to be furnished by defendants, and to complete the roadway with two coatings of oil and finish sand for the sum of $2,000. He further alleges that he performed all of the work he was required to do in constructing the roadway until he was stopped by defendants; that they caused the gravel, oil and finish sand to be spread by others; that in so doing they breached their oral contract; and that as a result of such breach plaintiff suffered damage for the work done before said breach and for loss of profits in being prevented from completing his contract.

In his third count plaintiff sets forth the third oral agreement. He alleges in substance that at defendants' request he excavated an unnamed roadway — 50 feet wide westerly from Coldbrook Court for a distance of approximately 100 feet and to a depth of approximately one foot — which was a proposed road to connect with a house on defendants' land and that for such work defendants agreed to pay him the reasonable charges therefor. He further alleges that he has performed all of the work requested by defendants, but that they have refused to pay him in full.

In the fourth count plaintiff alleges that he is entitled to damages of $2,000 under the common counts.

In their answers defendants deny any indebtedness to plaintiff. With respect to the claim under the second count

of the declaration, they allege that plaintiff represented to them that the excavating had been completed in a skillful and workmanlike manner and in accordance with plans and specifications furnished to plaintiff by them; that they thereupon paid plaintiff the agreed sum of money in full payment for such work; that they were subsequently advised by their engineers that plaintiff had not performed the work properly in accordance with the plans and specifications; and that as a result of plaintiff's breach they were compelled to have the work done by others at great expense as a consequence of which they suffered great damage. They deny that they had ever entered into the agreement set forth by plaintiff in the third count of his declaration. Additionally, defendants allege that plaintiff committed other acts which resulted in great damage to them.

The record in this case consists of numerous exhibits and a transcript containing over 400 pages of testimony. The testimony on the material issues is in direct conflict. The principal witnesses are plaintiff, his wife, and defendants. A detailed discussion of the evidence will serve no useful purpose; it is sufficient to point out that plaintiff presented evidence to support the allegations in his declaration and defendants presented evidence to support the averments in their answers. The plaintiff's testimony, which is corroborated in great part by that of his wife, is that he and defendants entered into the agreements set forth in his declaration; that he performed the first contract in full; that he performed part of the second contract but was prevented from completing the same by defendants; and that he completed the third contract.

The plaintiff testified that after he had completed the first portion of the work under the second contract and all of the work under the other contracts, he asked defendant, Mr. F. Albert Starr, for $1,000 for the work he had performed, but that the latter said he would only give him

$600 until he did the rest of the work. He stated that he received a check for $600 from Mr. Starr, and that after crediting defendants with the $600 payment, they owed him $749.61, computed as follows: On the first contract $165; on the second $247.96 for labor, $589.15 for use of equipment, and $250 for loss of profits; and on the third $97.50, which he testified was the reasonable value of his services. Additionally plaintiff denied that he had breached his contract in any manner, or that he had caused defendants any damage.

The defendants testified in substance that the $600 payment was made as full payment for all the work that had been performed by plaintiff and for the use of his equipment. They denied that they had ever entered into the agreement set forth in the third count of plaintiff's declaration. They also testified that plaintiff had damaged their property, but presented no evidence as to the amount of such damage.

The defendants' first contention is that the trial justice committed prejudicial error in admitting in evidence as "Plaintiff's Exhibit No. 4," a copy of a certain bid prepared by another contractor. The plaintiff testified that defendant Mr. Starr gave him the original of said bid and told him to go home and look it over. The plaintiff's exhibit No. 4 was a typewritten copy of the original. A reading of the transcript indicates that this exhibit was admitted without objection during plaintiff's redirect examination and that the original was subsequently introduced in evidence as "Plaintiff's Exhibit No. 4A" during plaintiff's cross-examination of defendant, Mr. Starr, without objection. In the circumstances, defendants cannot now challenge the propriety of the trial justice's ruling allowing the copy in evidence in the first place. On this record there is no merit to defendants' objection to the trial jus-

tice's ruling allowing plaintiff and his wife to give testimony based upon the contents of such exhibit.

The defendants' contention that the trial justice abused his discretion in refusing to order a mistrial or to pass the case or to order a nonsuit lacks merit. The transcript shows that the trial justice sustained many of the objections made by defendants and that he instructed the jury to disregard the objectionable testimony. The defendants' failure to comply with rule 15 (c) of our rules relating to the contents of their brief has made it extremely difficult for the court to follow their many contentions. Nonetheless, we have considered all of the questions raised by defendants, including the conduct of plaintiff's attorney, the trial justice's remarks, and his reference, while the jury was out of the courtroom, to the fact that he had been informed by "some one of the court personnel" that two or three of the jurors were very disturbed because they had to come back again after their two weeks' service had ended. We find no prejudicial error and therefore dismiss this contention without further discussion.

The defendants' remaining contentions relate to the decision of the trial justice conditionally granting their motion for a new trial. In passing on their motion he reviewed the material evidence and analyzed the testimony and the exhibits. On the question of the existence of the three contracts and of plaintiff's performance in compliance therewith, he concluded that the verdict responded to the merits of the controversy, that it was not against the fair preponderance of the evidence, and that it did substantial justice to the parties. In reviewing this part of the trial justice's decision we are convinced that he exercised his own independent judgment in passing on defendants' motion and that he neither overlooked nor misconceived any of the pertinent evidence in reaching the same conclusion as the jury. He accepted plaintiff's version and

rejected that of defendants. We cannot say that his findings with respect to this portion of his decision were clearly wrong.

On the question of damages, however, he found that the amount of the verdict was against the fair preponderance of the evidence and therefore did not respond to the merits of the controversy and failed to do substantial justice to the parties. He based this finding on the plaintiff's own evidence that the balance due him was only $749.61. However, because the amount of the verdict was not responsive to the evidence, see *Beaumier v. Provensal*, 58 R. I. 472, 477, 193 Atl. 521, 523, he granted a new trial unless the plaintiff filed a remittitur in the amount of $250.39, which the plaintiff has done. We sustain his finding on this question for the same reasons which we have set forth in the preceding paragraph. See *Wood v. New England Trans. Co.*, 80 R. I. 257, 259, 95 A.2d 885, 886.

The judgment is affirmed.

*Fergus J. McOsker*, for plaintiff.

*Martin Johnson, F. Albert Starr*, for defendants.