DECISION
This matter was heard by the Court, sitting without a jury, in July 1998. Patrick B. Clyne (plaintiff) seeks damages from William J. Doyle and AAA Mobile Warehousing Co., Inc. (defendants) for alleged malicious prosecution and abuse of process. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
 Facts/Travel
On December 16, 1991, the plaintiff entered into a lease agreement with defendant AAA Mobile Warehousing Co., Inc. (AAA Mobile) to lease an office trailer. Defendant William J. Doyle (Doyle), president of AAA Mobile, signed the lease agreement on behalf of AAA Mobile. The plaintiff used the office trailer for a project at LaSalette Shrine in Attleboro, Massachusetts.
In the fall of 1992, Doyle received a phone call from the plaintiff requesting Doyle to pick up the trailer, as the project at LaSalette Shrine would be finished in a few weeks. When Doyle arrived at the job site, he discovered the trailer was missing. At the time of the disappearance of the trailer, the plaintiff owed outstanding rent to AAA Mobile. Doyle left several messages on the plaintiff's answering machine about the missing trailer. The plaintiff told Doyle that he would notify his insurance company, but Doyle did not hear further from either the plaintiff or the plaintiffs insurance company. In fact, the plaintiff never insured the trailer as required under the lease. Doyle left several more messages on the plaintiffs answering machine. He informed the plaintiff that if he did not hear from him, he would file with the Attleboro Police a report that the trailer was stolen.
Subsequently, on May 13, 1993, Doyle filed an Application for a Criminal Complaint against the plaintiff for larceny of property valued at over $250 dollars. Doyle filed the Application for Complaint in the name of AAA Mobile and personally signed the Application for Complaint. Before a magistrate at the Attleboro District Court, Doyle filed a Summons and Complaint on June 23, 1997. Both Doyle and AAA Mobile are listed as complainants on the Summons and Complaint. On the Summons and Complaint, Doyle, under oath, alleges that the plaintiff "did steal the property of AAA Mobile Warehousing Co. Inc. . . . ."
An arrest warrant against the plaintiff was also issued on June 23, 1993. Some time subsequent to the issuance of the warrant, the Attleboro Police alerted the Cranston Police by fax of the outstanding arrest warrant against the plaintiff. On August 1, 1993, at 5:00 a.m., the plaintiff was arrested by the Cranston Police. On October 21, 1993, the plaintiff was acquitted of the larceny charge.
On August 10, 1995, the plaintiff filed the instant action alleging malicious prosecution and abuse of process against the defendants. This Court held a one-day trial on July 28, 1998.
 Malicious Prosecution
The plaintiff argues that the court may infer malice because the defendants lacked probable cause to bring the criminal complaint against the plaintiff. Alternatively, the defendants argue that probable cause existed for the larceny charge, as the magistrate had to have found probable cause to issue the Summons and Complaint and the arrest warrant. Therefore, the defendants argue that this Court should find in favor of the defendants.
In Hillside Associates v. Stravato, 642 A.2d 664 (R.I. 1994), the Supreme Court defined malicious prosecution and abuse of process:
 "Malicious prosecution or malicious use of process has been `defined as a suit for damages resulting from a prior criminal or civil legal proceeding that was instituted maliciously and without probable cause, and that terminated unsuccessfully for the plaintiff therein.' . . . Abuse of process, on the other hand, arises when a legal proceeding, although set in motion in proper form, becomes perverted to accomplish an ulterior or a wrongful purpose for which it was not designed. . . . `Thus if the defendant prosecutes an innocent plaintiff for a crime without reasonable grounds to believe him, guilty, it is malicious prosecution; if he prosecutes him with such [reasonable] grounds [but his ulterior motive is] to extort payment of a debt, it is abuse of process.'" Hillside Associates v. Stravato, 642 A.2d 664, 667 (R.I. 1994) (citations omitted).
"To recover for damages for the intentional tort of malicious prosecution, a plaintiff must prove the following four elements: (1) that the defendant initiated a prior criminal action against him or her, (2) that the defendant lacked probable cause to initiate that proceeding, (3) that the defendant brought the proceeding maliciously; and (4) that the proceeding terminated in the plaintiffs favor." Soares v. Ann Hope of Rhode Island,637 A.2d 339, 345 (R.I. 1994). Because such suits have traditionally been disfavored, the plaintiff must prove the elements of malice and want of probable cause by "clear proof" — a slightly higher standard of proof than the preponderance of evidence standard.Id.
In the instant case, the defendants initiated the criminal prosecution for larceny against the plaintiff. Both are listed as complainants on the Summons and Complaint. "[I]t is established that a defendant cannot be held liable for malicious prosecution unless he or she takes some active part in instigating or encouraging the prosecution. If a defendant in good faith passes along accurate information to the proper authorities, he or she is not "actively" instigating the proceeding." Morinville v. OldCol. Co-Op. Newport Nat. Bk., 522 A.2d 1218, 1221 (R.I. 1987). In the case at bar, the defendants did not simply pass along information that they believed the trailer was stolen. After speaking with the plaintiff regarding the whereabouts of the trailer, Doyle filled out an Application for Complaint against the plaintiff, alleging that the plaintiff stole the trailer. Doyle returned to the Attleboro District Court to swear under oath before a magistrate that the plaintiff did steal property of AAA Mobile valued at greater than $250 dollars. Such conduct qualifies as instigation of a criminal action. See Beaumier v.Provensal, 58 R.I. 472, 193 A. 521 (1937). In addition, the plaintiff was acquitted in the larceny prosecution. Only the elements of lack of probable cause and malice remain for consideration by this Court.
"[A] person instituting [criminal] proceedings must act in good faith and upon reasonable grounds. Probable cause in a prosecution for crime is the existence of a state of facts sufficient to cause an ordinarily careful and prudent person to believe the accused guilty." Quinlan v. Breslin, 61 R.I. 327,200 A. 989 (1938). "A plaintiff in a malicious-prosecution action must prove . . . that the facts known to the person who initiated the criminal proceeding did not provide reasonable grounds to believe that the accused committed criminal activity." Soares, 637 A.2d at 345. "The issue on this point in the instant case was not whether the defendant[s] had reasonable grounds to swear out a private complaint . . . but rather whether [they] had reasonable grounds to do so against this plaintiff." Quinlan, 200 A. at 991. A "defendant has probable cause only when a reasonable [person] in his position would believe, and the defendant does in fact believe, that he has sufficient information as to both facts and the applicable law to justify him in initiating the criminal proceeding without further investigation or verification."Solitro v. Moffat, 523 A.2d 858, 862 (R.I. 1987). A magistrate's consideration of a warrant application normally creates "a presumption that the arrest was issued on probable cause." Id. at 863.
The defendants received little, if any, cooperation from plaintiff. He was, at best, illusive. Defendants relied on the advice of the Attleboro Police in bringing the larceny complaint. This Court finds that the plaintiff has failed to rebut the presumption that the magistrate issued an arrest warrant based on probable cause. The plaintiff did not provide any evidence that the arrest warrant "was procured by fraud, perjury, misrepresentation, or falsification of evidence." Id. Consequently, the defendants did not act with malice. In addition, this Court finds that the plaintiff has not succeeded in proving that the defendants instigated the larceny prosecution without the requisite probable cause. The plaintiff has not established by "clear proof" the elements of malicious prosecution.
 Abuse of Process
The plaintiff argues that the defendants did not have a proper motive in initiating the larceny prosecution. The defendants argue that the evidence at trial did not indicate that they had prosecuted the larceny charge in order to extort money from the plaintiff. "[I]n order to prove his abuse of process claim, [the plaintiff is] required to show that the legal proceeding, `although set in motion in proper form, [became] perverted to accomplish an ulterior or a wrongful purpose for which it was not designed.'" Beaudoin v. Levesque, 697 A.2d 1065, 1068 (R.I. 1997). This Court finds that the defendants genuinely sought justice in bringing the larceny complaint against the plaintiff after enduring months of the missing trailer and numerous unreturned phone calls. The defendants possessed a good faith belief that the plaintiff had stolen the trailer. Therefore, the plaintiffs claim for abuse of process must fail.
 Counterclaim
In their counterclaim, the defendants state that the plaintiff owes them $4,418.75 for the value of the trailer and past due rent. The plaintiff responds that the court must decide whether the defendants came to pick up the trailer within a reasonable time. The plaintiff maintains that the defendants did not come for the trailer until approximately a week after the plaintiff had called the defendants to pick up the trailer. The plaintiff concedes that it is the responsibility of the lessee of the trailer to make sure the trailer is returned to the lessor.
The unambiguous terms of the lease require the lessee to surrender possession of the trailer "in as good order and condition as when received by the lessee. . . ." The lessee must also indemnify the lessor for the fair market value of the trailer "upon the destruction, damage or theft" of the trailer.
This Court finds that the defendants came to retrieve the trailer within a reasonable time. In lieu of the fact that the defendants were told that the plaintiff would still be present at the job site, a short delay of a week in coming for the trailer was not unreasonable. Therefore, this Court finds in favor of the defendants for their counterclaim in the amount of $4,418.75.
Based on the evidence before it, this Court finds that the defendants are not liable for malicious prosecution or abuse of process. This Court grants the defendants' counterclaim in the amount of $4,418.75.
Counsel shall prepare the appropriate judgment for entry.