403 A.2d 244.

STATE *vs.* RAYMOND DUSSAULT.

JUNE 29, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J. By criminal information the defendant, Raymond Dussault, was charged with two counts[1] of falsely pretending and assuming to be a Cumberland police officer, and acting as such, in violation of G.L. 1956 (1969 Reenactment) §11-14-1. A jury trial in the Superior Court resulted in guilty verdicts on both counts. The defendant was sentenced on each count to one year in the Adult Correctional Institutions, the sentences to run consecutively. The defendant's motion for a judgment of acquittal, made at the conclusion of the state's case, and motion in arrest of judgment were both denied. The defendant also made timely objection to that portion of the trial justice's instructions to the jury that delineated the elements of the offense. From these adverse rulings of the trial justice, the present appeal is prosecuted. In all three instances the issue is identical; namely, does §11-14-1 proscribe the act of falsely impersonating a police officer? The trial justice answered this question in the affirmative. For the reasons that follow, we find no error in his rulings and accordingly affirm the judgment of conviction.

The essential facts can be stated briefly. Two complaining witnesses testified for the state. The first witness stated that shortly after midnight on October 22, 1975, she was driving through Cumberland on her way home from work. She noticed another automobile following closely behind; and believing the driver to be an acquaintance, she pulled over to the side of the road, and so did the other vehicle. The defendant emerged from the other car, walked to her car, stated that he was an unmarked police officer, and requested to see her registration. When she asked to see defendant's badge, he replied that he would follow her home and then show her his badge. She immediately drove away and reported the incident to the Cumberland police. The second witness testified that on the same evening, she was driving home sometime after midnight when a following car flashed

---

[1] The information contained two other counts which were subsequently severed from the instant charges.

its headlights at her. Believing it to be the police, she likewise pulled over to the curb. The defendant approached her car, rapped on the window, stated "Special police, Open up," and asked to see her license. As she was searching for her license, defendant got into her car and pushed her to the passenger side. The defendant then drove her and her car away. As the car approached a slight bend in the road, it slowed down and afforded the witness the opportunity to open the door and jump out. Both witnesses made in-court identifications of defendant. The defendant rested without presenting any evidence. The sole defense at trial, as in this appeal, is that defendant's conduct is not a criminal offense within the purview of §11-14-1.

Section 11-14-1 provides that:

> "Every person who shall falsely assume or pretend to be a judge, justice of the peace, warden, sheriff, deputy sheriff, alderman, member of any city or town council, city or town clerk, city or town treasurer, member of any school committee, town sergeant, city sergeant, constable, *or any other office of any city or town in this state*, and shall act as such, shall be imprisoned not exceeding one (1) year or be fined not exceeding one thousand dollars ($1,000)." (Emphasis added.)

As defendant correctly indicates, police officers are not specifically enumerated in the state. Therefore, the issue is whether the phrase "any other officer of any city or town" was intended to include police officers.

As a penal statute, §11-14-1 must be strictly construed. *See Little* v. *Conflict of Interest Commission*, 121 R.I. 232, 239-240, 397 A.2d 884, 888 (1979); *State* v. *Macarelli*, 118 R.I. 693, 696, 375 A.2d 944, 946 (1977); *State* v. *Patriarca*, 71 R.I. 151, 162-63, 43 A.2d 54, 59 (1945). In determining whether defendant's conduct is within the ambit of the statute, the defendant must be accorded the benefit of any reasonable doubts. *State* v. *Simmons*, 114 R.I. 16, 18, 327 A.2d 843, 845 (1974); *State* v. *Beck*, 21 R.I. 288, 295, 43 A.

366, 368 (1899). Nevertheless, we will not impose a strait-jacket upon the statutory language if to do so would thwart a clear legislative intent. *See DeFusco* v. *Brophy*, 112 R.I. 461, 464, 311 A.2d 286, 288 (1973); *State* v. *Milne*, 95 R.I. 315, 320, 187 A.2d 136, 139 (1962).

Although this particular issue is one of first impression, on previous occasions we have considered the status of police officers. In *City of Newport* v. *Horton*, 22 R.I. 196, 204, 47 A. 312, 314 (1900), and *Kelley* v. *Cook*, 21 R.I. 29, 30, 41 A. 571, 571 (1898), this court stated that police officers are public officers. Furthermore, in *Opinion to the Senate*, 108 R.I. 551, 556-57, 277 A.2d 750, 754 (1971), we stated that a police chief is typically a civil officer. Other state courts have held, in the context of criminal statutes, that a policeman is a public officer. *E.g., State* v. *Kurtz*, 278 P.2d 406, 407 (Arizona, 1954) (obstructing a public officer); *State* v. *Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 244 (1965) (willful neglect to discharge official duties). The clear weight of authority holds in a variety of circumstances that members of a police department are public officers. *See* 16 McQuillan, *Municipal Corporations* §45.11 at 563 (3d ed. 1979). *See generally* 70 Am. Jur. 2d *Sheriffs, Police, and Constables* §1 at 132 (1973); Annot., *Policemen as Public Officers*, 156 A.L.R. 1356 (1945); 84 A.L.R. 309 (1933).

Apart from this judicial precedent, there is a substantial reason why we hold that police officers are other officers within the meaning of §11-14-1. As a general rule of statutory construction, when a statute contains specific terms and is followed by a general catchall phrase, the general term is construed by reference to the specific terms. *See First Republic Corp. of America* v. *Norberg*, 116 R.I. 414, 419, 358 A.2d 38, 41 (1976); *In re Opinion to the Governor*, 90 R.I. 135, 139, 155 A.2d 602, 604 (1959). Therefore, we construe the meaning of "any other officer" in light of the official positions specifically enumerated in the statute.

Legislation substantially similar to §11-14-1 has existed in

Rhode Island for over 120 years.[2] The original enactment enumerated the members of the peacekeeping forces then existent. It was not until 1891 that the municipal legislators listed in the current statute were included. *See* P.L. 1891, ch. 1010, §1. At common law the office of policeman was unknown. The early conservators of the peace were constables and watchmen. *See* 16 McQuillan, *Municipal Corporations* §45.06a at 536. This nomenclature continued in usage well into the nineteenth century, when the predecessor of §11-14-1 was first enacted. For example, the 1887 Providence city ordinances recited that: "The permanent police force of the city of Providence shall consist of a chief of police and not exceeding two hundred police *constables* fit for active duty." *Providence Ordinances*, ch. 39, §1 of the General Ordinances of the City Council (1887). (Emphasis added.) Constables, sheriffs, deputy-sheriffs, and town sergeants performed most of the functions of the contemporary policeman. They were required to see that the laws were obeyed and to prosecute all criminal violations. They served criminal process, investigated persons suspected of criminal activity, made complaint to the proper authorities, and obtained warrants for the arrest of violators. In Rhode Island, town sergeants and constables had the power to arrest within their counties. *See* Hitchcock, *Powers and Duties of Sheriffs, Constables, Tax Collectors and Other Offices in the New England States* 258-61 (1889). From at least 1889 until 1925, a statute of general applicability provided that the sheriffs and their deputies, the town sergeants, constables and chiefs of police of the several cities and towns should constitute the state police. *Opinion to the Senate*, 108 R.I. at 557 n.4, 277 A.2d at 754 n.4; *see Eaton* v. *Town Council*, 52 R.I. 449, 452, 161 A. 225, 226 (1932). Not until 1925 was a

---

[2]R.I. Rev. Stat. 1857, ch. 211, §17 provided:

"Every person who shall be convicted of falsely assuming or pretending to be a judge, justice of the peace, warden, sheriff, deputy sheriff, town sergeant, city sergeant or constable, and of acting as such, shall be imprisoned not exceeding one year, or fined not exceeding one thousand dollars."

separate department of the state police created. *See* P.L. 1925, ch. 588, §16. Obviously, police officers were not specifically mentioned in §11-14-1 when it was originally enacted because at that time the term was not in common usage. The persons who occupied the present-day function of the police were, however, included within the statutory prohibition. Viewed in this historical context, we believe there is no doubt that a police officer is "any other officer" within the meaning of §11-14-1.

The statute, however, refers to "any other officer of any *city or town.*" This court has held that policemen are *state* officers. *See Eaton* v. *Town Council,* 52 R.I. at 451, 161 A. at 226; *City of Newport* v. *Horton,* 22 R.I. at 209, 47 A. at 314; *Kelley* v. *Cook,* 21 R.I. at 30, 41 A. at 571. This legal description derives from the fact that the duties performed by the police are of a public nature that benefit all of the state's inhabitants rather than merely the residents of a particular community. *See Eaton* v. *Town Council,* 52 R.I. at 451, 161 A. at 226. The state has an important interest in preventing crime and securing the rights of its citizenry. In furtherance of this concern, it has legislatively delegated a portion of its authority to the cities and towns. *See City of Newport* v. *Horton,* 22 R.I. at 209, 47 A. at 316. Nevertheless, police officers are appointed by the cities and towns, and in common parlance are considered municipal officers.[3] To construe restrictively the term "officer of any city or town" so as to exclude police officers because they perform a state duty would be to improperly exalt form over substance. Accordingly, we hold that when the Legislature enacted §11-14-1, it intended to declare the act of falsely impersonating a police officer to be a criminal offense.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

---

[3]For example, G.L. 1956 (1969 Reenactment), §11-32-1 (Supp. 1978), the obstructing an officer statute, employes the term "city or town police."

*Dennis J. Roberts, II,* Attorney General, *Bruce P. Beausejour,* Special Assistant Attorney General, for petitioner.

*Brosco and Brosco, A.J. Brosco, Fred Brosco,* for defendant.