STATE

v.

Kenneth W. OLIVEIRA.

No. 80–293–C.A.

Supreme Court of Rhode Island.

July 14, 1981.

---

Dennis J. Roberts, II, Atty. Gen., David H. Leach, Asst. Atty. Gen., for plaintiff.

Charles J. Rogers, Jr., Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

The defendant, Kenneth W. Oliveira, was indicted on July 23, 1975. The indictment charged that while employed by the city of Providence, he embezzled $766.80 from the city in violation of G.L.1956 (1969 Reenactment) § 11–41–3. The case was tried before a justice of the Superior Court sitting with a jury which returned a verdict of guilty against the defendant. After denial of his motion for a new trial, he appealed.

The record discloses the following pertinent facts. During the summer of 1972, defendant was employed by the city of Providence as a youth coordinator in charge of the recreational activities of the city's recreation-support program. The program was financed by federal monies that were turned over to the city of Providence and were maintained in a separate account in the city's name at a local bank. The evidence showed that defendant was allowed to draw from this account when he needed funds to use for program activities. On August 31, 1972, defendant withdrew by check $2,513.50 to pay for lunches and dinners for a planned trip to the Bronx Zoo in New York on September 1, 1972. When he returned, defendant indicated that $1,776.50 had been spent for 646 box lunches at $2.75 each and $472.50 had been spent for 450 fried-chicken dinners at $1.05 each plus tax. The defendant remitted a balance of $231.45.

At trial, Louis Tamburrino, area manager of Kentucky Fried Chicken in Bridgeport, Connecticut, testified that his records revealed that on September 1, 1972, defendant purchased an order of only 200 dinners for $210 plus tax. A second witness, Arnetta Yarbough, testified that on September 1, 1972, she was the owner of Hron's Delicatessen in Bridgeport, Connecticut. Yarbough stated that she furnished defendant 646 box lunches, but at only $2 each. The defendant admitted that he cashed a check in the sum of $2,513.50. The defendant maintained, however, that he ordered 646 box lunches at $2.75 each, that he did in fact purchase 450 fried-chicken dinners, and that he did not misappropriate any of the city's funds.

During the course of the trial, defendant attempted to show that the money alleged to have been misappropriated did not belong to the city of Providence. The trial justice, however, prevented the introduction of any evidence with respect to this issue.

The issues confronting us are (1) whether defendant was denied a fair trial when he was not permitted to establish that the city of Providence, as alleged in the indictment, was not the owner of the funds and (2) whether the trial justice committed reversible error by his instruction to the jury that as a matter of law the property belonged to the city of Providence.

## I

The defendant contends that since the indictment alleges that the money embezzled was "the property of the city of Providence," the issue of ownership became an essential element of the crime in order to sustain a conviction. The defendant asserts that the state had a burden to prove beyond a reasonable doubt that the city had title to the funds. When the trial justice prevented defendant from introducing evidence to establish that the money alleged to have been unlawfully appropriated did not belong to the city, he contends that the trial justice committed reversible error.

"Embezzlement" has been defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422, 424 (1895). In Rhode Island, embezzlement is defined by statute. General Laws 1956 (1969 Reenactment) § 11–41–3 provides in pertinent part:

> "Every officer, agent, clerk, servant or other person to whom any money or other property shall be entrusted for any specific purpose * * * who shall embezzle or fraudulently convert to his own use * * * any money or other property which shall come into his possession or shall be under his care or charge by virtue of such employment * * * shall be deemed guilty of larceny."

The statute sets forth the essential elements of the crime. The elements to be proven in order to establish the offense are (1) that defendant was entrusted with the property for a specific use, (2) that he came into possession of the property in a lawful manner, often as a result of his employment, and (3) that defendant intended to appropriate and convert the property to his own use and permanently deprive that person of the use. The statute makes clear that embezzlement involves the violation of a fiduciary or agency relationship and this relationship can arise as a result of a person's employment. *See State v. Crescenzo*, 114 R.I. 242, 250–51, 332 A.2d 421, 427 (1975).

In a case involving the crime of arson, we have held that proof of ownership of the burned building is not an essential element of the offense; rather, it is a collateral issue regarding proof of the crime. *State v. Wilbur*, 115 R.I. 7, 11, 339 A.2d 730, 733 (1975). Similarly in reading the embezzlement statute, we find that proof of the employer's ownership of the property is not an essential element of the crime. The words of the statute are clear and unambiguous. In such an instance, we cannot interpret or extend their meaning but we must give the words their literal and plain meaning. *State v. LaPlume*, 118 R.I. 670, 683, 375 A.2d 938, 944 (1977). Accordingly, we note that in a criminal case the state's burden extends no farther than to prove beyond a reasonable doubt only the essential elements of the offense charged. *State v. Mancino*, 115 R.I. 54, 62–63, 340 A.2d 128, 134 (1975).

In the instant case, defendant was an employee of the city of Providence. It is undisputed that the money was in an account with the Industrial National Bank in the name of the city and that defendant was entrusted with the specific sum to perform a specific purpose. Moreover, defendant does not even remotely contend that the money was his own.

Resolving the question of ownership was material only "to enable the accused to prepare an adequate defense and protect [him] against the threat of a second prosecution for the same offense."[1] *State v. Wilbur*, 115 R.I. at 11, 339 A.2d at 732. The indictment set forth the essential elements of the offense described by the statute and left no doubt about the crime with which he

---

1. The trial justice recognized that proof of ownership might be a relevant issue in the context of an affirmative defense. Nevertheless, after listening to some evidence concerning ownership presented by defendant, the trial justice determined that this evidence related more to accounting procedures than to proof of ownership. Therefore, the trial justice properly excluded this testimony as irrelevant.

was charged. The record reveals that the state did present sufficient evidence to prove the essential elements of the crime beyond a reasonable doubt.

We find no error in the trial justice's disallowing the introduction of evidence to show that title to the funds was in the federal government.

II

The trial justice, in his charge, instructed the jury that as a matter of law, the property allegedly misappropriated was the "property of the city of Providence."

The defendant argues that the instructions invaded the province of the jury by withdrawing from its consideration an essential element of the offense. However, we have already determined that ownership of the funds was not an essential element of the offense. Furthermore, we agree that "[w]hether an item is government property ordinarily is a question of law, and when the facts so establish, it is proper for the court to give such an instruction." *United States v. Miller*, 520 F.2d 1208, 1211 (9th Cir. 1975); *but see United States v. Alessio*, 439 F.2d 803, 804 (1st Cir. 1971). The facts will transform an issue into a question of law when they inexorably lead to one conclusion. *See DeNardo v. Fairmount Foundries Cranston, Inc.*, R.I., 399 A.2d 1229, 1234 (1979).

 When the trial justice instructs the jury on a question of law which is based upon undisputed facts and presents no question of credibility, "the judge need not deal in abstractions but may be as specific as the facts permit. And * * * the judge may tell the jury that, as a matter of law, a legal relationship is thereby established." *United States v. Jackson*, 436 F.2d 39, 41–42 (9th Cir. 1970), *cert. denied*, 403 U.S. 906, 91 S.Ct. 2209, 29 L.Ed.2d 682 (1971).

There is no question that the city had lawful custody of the funds. This fact is undisputed and no issue of credibility is involved. The instructions did not prevent the jurors from considering the defendant's claim that he did not misappropriate the money or from considering any other essential element of the crime. Rather, the instructions conveyed to the jurors a proper conclusion concerning ownership and did not abridge the province of the jury. The jurors' power to decide the crucial factual issues remained intact.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.