**STATE**

v.

**Vincent CALISE et al.**

**No. 82-535-C.A.**

Supreme Court of Rhode Island.

July 9, 1984.

---

Dennis J. Roberts, II, Atty. Gen., Faith A. LaSalle, Sp. Asst. Atty. Gen., for plaintiff.

John J. Bevilacqua, John F. Cicilline, William A. Gosz, Providence, for defendants.

## OPINION

WEISBERGER, Justice.

These cases come before us on appeal by the defendants from judgments of conviction entered against them in the Superior Court on multiple indictments for violation of the Rhode Island anti-trust statute, G.L. 1956 (1969 Reenactment) § 6–36–16.[1] Since the cases of all defendants involve common questions of law and fact, these cases have been consolidated for purposes of appeal. The facts that are common to all indictments are as follows.

The four defendants were charged with conspiracy to "allocate contracts for home improvements" in connection with contracts for home repairs issued by the Mayor's Office of Community Development program and "to submit collusive non-competitive, and rigged bids" in connection with the program in violation of § 6–36–4 and § 6–36–16. In each instance the indictment charged that defendants, who submitted bids for home repairs for a number of different home owners, had agreed in advance in respect to the amounts that would be bid for each contract. Evidence of the rigged bidding procedures included impressions of other writings from other bid sheets submitted by other defendants, as well as common errors of spelling that tended to show that defendants had prepared these bids in concert and agreed upon them in advance. In support of their appeal, defendants have raised a number of issues. However, we are of the opinion that one issue is dispositive of this appeal. That issue, which has been raised by all defendants, challenges the applicability of the antitrust statute to the type of economic activity in which they were engaged. The two pertinent sections read as follows:

"6–36–4. *Restraint of trade or commerce.*—Every contract, combination, or conspiracy in restraint of, or to monopolize, trade or commerce is unlawful."

The term "trade or commerce" is defined in § 6–36–3(7) of the statute as follows:

" 'Trade or commerce' means any economic activity of any type whatsoever involving any commodity or service or business activity whatsoever; however,

---

**1.** The defendants in this case are Vincent Calise, Theodore Cardillo, Robert Desautel and Ronald Germani.

'trade or commerce' shall not include economic activities involving real estate unless the person whose conduct is being challenged is in the business of selling or leasing real estate and has sold or leased or will sell or lease within the twelve (12) month period before or after the date of service of the complaint or an investigative demand, real estate valued in excess of one million dollars ($1,000,000) * * *." (Emphasis added.)

The defendants contend that the statute is not applicable to the home-repair business in which they were engaged because such a business is unquestionably "economic activities involving real estate." They suggest that this exemption is drawn in the broadest possible terms and that it is plain and unambiguous. The defendants further point out that there is no allegation or evidence by the state that they come within the exception to such exemption by selling or leasing real estate valued in excess of one million dollars during the twelve-month period before the date of service of the complaint. With this contention we are constrained to agree. The state argues vigorously that we should construe this statute in such a way as to limit the exemption solely to those engaged in the sale or lease of real estate valued below the required amount. The state contends that only such a construction will give effect to the intended purpose of the Legislature. In its contentions the state is apparently not mindful of an unbroken line of decisions by this court.

■ When a statute is free of ambiguity and expresses a clear and definite meaning, there is no room for statutory construction or extension, and the court must give the words of the statute their plain and obvious meaning. *Narragansett Food Services, Inc. v. Rhode Island Department of Labor*, R.I., 420 A.2d 805, 808 (1980); *Citizens for Preservation of Waterman Lake v. Davis*, R.I., 420 A.2d 53, 57 (1980);

*North Providence School Committee v. Rhode Island State Labor Relations Board*, 122 R.I. 415, 418, 408 A.2d 928, 929 (1979); *State v. Angell*, 122 R.I. 160, 170, 405 A.2d 10, 15 (1979). The plain meaning of § 6–36–3(7) in defining trade or commerce is that it shall not include economic activities involving real estate, save for the exception that is inapplicable to defendants. It would be hard to imagine an exemption that is more clear and more explicitly stated than this exemption.

■ The state concedes that penal statutes must be strictly construed in favor of the party upon whom a penalty is to be imposed. *Eaton v. Sealol, Inc.*, R.I., 447 A.2d 1147, 1148 (1982); *State v. Macarelli*, 118 R.I. 693, 696, 375 A.2d 944, 946 (1977). However, the state also suggests that the court may not impose a straitjacket upon the language in a criminal statute if to do so would thwart a clear legislative intent. *State v. Dussault*, R.I., 403 A.2d 244, 246–47 (1979). However, the difficulty here is that it is not possible to discern any clear legislative intent which would be thwarted by giving this exemption the plain and unambiguous meaning that either a narrow or liberal construction must yield. In *Dussault* the defendant was charged with "falsely pretending and assuming to be a Cumberland police officer * * *." The question was raised concerning whether the pertinent statute (which proscribed the act of pretending to be certain enumerated government officials) included police officers within the definition "or any other officer of any city or town in this state." We held that this language did include city and town police officers. *Id.*, 403 A.2d at 247. Such a construction was well within the narrow interpretation of a penal statute worded as G.L.1956 (1969 Reenactment) § 11–14–1 was framed.[2]

Here the state argues that we should construe "economic activities involving real estate" as being limited to use of the multiple-listing service or other similar activities

**2.** Since the date of the opinion in *State v. Dussault*, R.I., 403 A.2d 244 (1979), a 1981 reenactment of that volume of statutes has been promulgated by the Legislature.

involving the sale or leasing of real estate. Such an interpretation would require a re-writing of the statute in defiance of its plain and unambiguous wording. The statute as enacted by the General Assembly has a plain and sensible meaning, and the cited exemption does not in any way appear to thwart any discernible legislative intent. The state seems to argue that the Legislature could not have intended such a broad exemption.

 We must reply in terms of an observation that this court made in *Kastal v. Hickory House, Inc.*, 95 R.I. 366, 187 A.2d 262 (1963).

"In the face of a statute so clear and unambiguous, there is no room for the application of the usual canons of statutory construction. In such a case the statute declares itself. * * * We may not where no ambiguity exists search beyond the statute for a different meaning. * * * Only when the legislature sounds an uncertain trumpet may the court move in to clarify the call. But when the call is clear and certain as it is here we may not consider whether the statute as written comports with our ideas of justice, expediency or sound public policy. In such circumstances that is not the court's business. * * * " *Id.* at 369, 187 A.2d at 264.

In the case at bar the Legislature has not sounded an uncertain trumpet. In enacting the general prohibition against "restraint of trade or commerce," the Legislature has defined the term excluding "economic activities involving real estate," save for selling or leasing real estate valued in excess of one million dollars. We have neither the authority nor the competence to rewrite that definition in order to bring it into conformity with the state's concept of how the statute should have been drafted. Consequently, the activities in which the defendants were engaged are not subject to the prohibition or penalties of the statute.

For the reasons stated, the defendants' appeals are sustained, the judgments of conviction are reversed, and the papers in the case are remanded to the Superior Court with directions to dismiss the indictments.

BEVILACQUA, C.J., did not participate.