STATE of Rhode Island

v.

Robert POWERS.

No. 93–326–C.A.

Supreme Court of Rhode Island.

July 7, 1994.

Aaron L. Weisman, Asst. Atty. Gen., for plaintiff.

David L. Martin, Providence, for defendant.

## OPINION

SHEA, Justice.

This case is before the Supreme Court pursuant to the state's appeal from a Superior Court order granting the defendant's motion to dismiss for lack of probable cause. For the reasons that follow, we affirm the order of the trial court.

The defendant, Robert Powers, was charged by criminal information No. P2/92–3673A with one count of embezzlement of property valued at over $500 in violation of G.L.1956 (1981 Reenactment) §§ 11–41–3 and 11–41–5.[1] The information was based upon the following facts.

The defendant was employed as the director of maintenance for the city of Woonsocket Education Department (WED). In that capacity it was his administrative responsibility to maintain the physical plants and grounds of all the schools. In December 1990 defendant caused to be delivered to Analytical Testing Services, Inc. (ATS), an environmental testing company that rendered services to WED, carpeting, ceiling tiles, and two steel fire-door units (the property) valued at approximately $1,200. These items were ordered by defendant and charged to the school department. The ceiling tiles and doors were delivered directly from the vendors to ATS by WED employees. The carpeting was picked up by ATS employees at a WED plant. The transaction was discovered by the school committee, and an investigation ensued. When questioned about his actions, defendant asserted that in exchange for the property, he secured from ATS training services for WED employees in the removal of hazardous substances and four steel doors, valued at significantly more than $1,200. He claimed that he simply engaged in a barter transaction with ATS for the benefit of WED and that in no way did he put the property to his own use. The school committee informed defendant that he had exceeded his authority and gave defendant the options of resignation or criminal prosecution. He resigned. The information was filed nearly two years later.

The defendant moved to dismiss for lack of probable cause pursuant to Rule 9.1 of the Superior Court Rules of Criminal Procedure.[2] At the motion hearing on May 6, 1993, the trial court found that "[a]fter a review of the information package * * * this Court does not feel that the State has made out a prima facie case of embezzlement against this defendant. There is nothing contained in the information package which indicates that the defendant converted the property to his own use." The defendant's motion was granted, and the state filed a timely appeal. At issue in this appeal is the interpretation of § 11–41–3, which states in pertinent part:

"Every officer, agent, clerk, servant or other person to whom any money or other property shall be entrusted for any specific purpose * * * who shall embezzle or fraudulently convert to his own use, or who shall take or secrete, with intent to embezzle or fraudulently convert to his own use, any money or other property which shall

1. The original information charged defendant with embezzlement of money valued at more than $500. At the motion hearing on May 6, 1993, the prosecutor moved to amend the language of the information from "to whom money was entrusted" to "to whom property was entrusted." The defendant did not object, and the motion was allowed.

2. Rule 9.1 of the Superior Court Rules of Criminal Procedure states:
"A defendant who has been charged by information may, within ten (10) days after he or she has been served with a copy of the information, move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of probable cause to believe that the offense charged has been committed or that the defendant committed it. The motion shall be scheduled to be heard within a reasonable time."

It appears from the record that defendant's motion was not filed within the ten-day period stipulated by the rule. The criminal information was filed on December 2, 1992. The defendant appeared in Superior Court for a prearraignment conference on December 16, 1992. The motion to dismiss was filed on January 21, 1993, the same day on which his attorney filed an appearance. However, the untimeliness issue was not raised below, and therefore, we shall deem it waived.

have come into his possession or shall be under his care or charge by virtue of such employment or for such specific purpose * * * shall be deemed guilty of larceny."

The state argues that the trial court erred by narrowly interpreting the phrase "to his own use." It asserts that the clear meaning of the statute is to punish anyone who, without permission from the rightful owner, puts property to a use contrary to that of the owner. The state further argues that even if the trial court properly construed the statute, defendant was a private contractor for ATS and therefore gained a benefit by converting the property to it. The state additionally argues that the motion to dismiss was improperly granted because the grounds upon which it was urged and allowed did not involve probable cause but the actual merits of the case.

▮ This court first addressed § 11–41–3 in *State v. Oliveira,* 432 A.2d 664 (R.I.1981). In that case we noted that in order for a defendant to be guilty of embezzlement, the state must prove beyond a reasonable doubt

"(1) that defendant was entrusted with the property for a specific use, (2) that he came into possession of the property in a lawful manner, often as a result of his employment, and (3) that defendant intended to appropriate and convert the property to his own use and permanently deprive that person of the use." *Id.* at 666.

In construing the language of the statute, this court held that "[t]he words of the statute are clear and unambiguous." *Id.* Although the interpretation of the specific language "to his own use" has not been independently addressed, the trial court did not err by adhering to *Oliveira* and giving those words their plain and ordinary meaning. The state's broad construction of the phrase cannot be reconciled with Rhode Island's well-established rules of statutory construction.

▮ This court is the "final arbiter on questions of statutory construction." *Lawrence v. Anheuser–Busch, Inc.,* 523 A.2d 864, 872 (R.I.1987). Penal statutes must be strictly and narrowly construed. *State v.*

*Dussault,* 121 R.I. 751, 753, 403 A.2d 244, 246 (1979). In construing a statute, this court's purpose is to establish and effectuate the legislative intent behind the enactment. *In re Barnacle,* 623 A.2d 445, 450 (R.I.1993); *Gilbane Co. v. Poulas,* 576 A.2d 1195, 1196 (R.I.1990) (citing *In re Advisory Opinion to the Governor,* 504 A.2d 456, 459 (R.I.1986)). However, in the absence of an ambiguity, this court must give the words of the statute "their literal and plain meaning." *Oliveira,* 432 A.2d at 666 (citing *State v. LaPlume,* 118 R.I. 670, 683, 375 A.2d 938, 944 (1977)). In the instant action an element of the crime charged is that defendant put the property to "his own use" or used the property for his own benefit. The trial court properly gave the words their plain and ordinary meaning in ruling on defendant's motion. The defendant gained no personal benefit from the transaction. Additionally the trial court apparently rejected the state's contention that defendant was an employee or private contractor of ATS and therefore derived a financial gain in that capacity. There was evidence that on two occasions defendant had moonlighted for ATS and was duly compensated. There was no evidence, however, that defendant held any financial interest in ATS. In the absence of any special relationship to the company, the state could not present a prima facie case that defendant put the property to his own use by converting the goods to ATS. Because we find no error in the trial court's construction of § 11–41–3, we must now examine the application thereof in the context of the motion to dismiss.

In reviewing the trial court's decision to grant defendant's motion to dismiss, this court must "merely [determine] whether [its] findings are supported by the evidence or whether in making such findings [it] misconceived or overlooked material evidence. [The trial court's] findings are entitled to great weight and will not be set aside unless they are clearly erroneous." *State v. Quimette,* 415 A.2d 1052, 1053 (R.I.1980) (quoting *Wolf v. Wolf,* 114 R.I. 375, 376, 333 A.2d 138, 139 (1975)).

"In determining whether defendant's conduct is within the ambit of the statute, the defendant must be accorded the benefit of

any reasonable doubts." *Dussault,* 121 R.I. at 753, 403 A.2d at 246 (citing *State v. Simmons,* 114 R.I. 16, 18, 327 A.2d 843, 845 (1974)). In order to survive the motion to dismiss for lack of probable cause, the state's burden is to prove an "existence of a state of facts sufficient to cause an ordinarily careful and prudent person to believe the accused guilty" of the crime charged. *Quinlan v. Breslin,* 61 R.I. 327, 330, 200 A. 989, 991 (1938). The trial court found that there was no probable cause that the defendant's conduct fell within the parameters of the statute because there was no evidence tending to prove that he put the property to "his own use." No material evidence was overlooked or misconceived, and therefore, the trial court did not err in granting the motion to dismiss.

For these reasons the state's appeal is denied and dismissed, the trial court's order is affirmed, and the papers of the case are remanded to the Superior Court.