**Supreme Court**

No. 2010-50-C.A.

(P2/94-3350A)

State                                    :

v.                                    :

Linda A. Diamante.                  :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

v.                          :

Linda A. Diamante.                    :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The defendant, Linda A. Diamante, appeals from the Superior Court's denial of a motion in which she sought the sealing of a particular judicial record.[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

**I**

**Facts and Travel**

On October 24, 1994, defendant was charged by criminal information (P2/94-3350A) with felony assault with a dangerous weapon in violation of G.L. 1956 § 11-5-2 (Count One) and

---

[1]    The motion at issue in this case was actually entitled "Motion to Expunge/Seal Record." For the sake of brevity, we shall hereinafter refer to it simply as a "motion to seal."

willful or malicious injury to property in violation of G.L. 1956 § 11-44-1 (Count Two). In July of 1995, Count One was dismissed in consideration of defendant pleading nolo contendere to Count Two.[2] The defendant was sentenced to one year of probation and was ordered to make restitution.

Nearly a decade later, on March 5, 2004, defendant filed, in the Superior Court for Providence County, a motion to seal with respect to both of the counts contained in P2/94-3350A.[3] That motion was denied in its entirety by a justice of the Superior Court on February 16, 2005. The defendant confines herself on appeal to the hearing justice's denial, in reliance upon G.L. 1956 § 12-1-12.1(a), of her motion with respect to Count One; she does not appeal the denial of her motion as it related to Count Two.

When explaining her rationale for denying defendant's motion to seal as it related to Count One, the hearing justice stated:

> "The defendant * * * was seeking * * * to have the charges
> that were dismissed in * * * 1995 sealed, because they were
> dismissed pursuant to [Rule] 48(a) or [Rule] 48(b) by the Court.
> * * * The State objected to that, indicating under the statute, Rhode
> Island General Laws 12-1-3.1,[4] the defendant is not entitled to

---

[2]     Count One was dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.

[3]     In 1992, defendant was charged with reckless driving and obstructing a police officer in P3/92-3798A. She pled nolo contendere to the reckless driving charge, and the charge of obstructing a police officer was dismissed. The defendant was sentenced to one year of probation.

It should be noted that, in her order of February 16, 2005, the hearing justice denied defendant's motion to seal relative to those 1992 charges, as she had done with respect to the 1994 charges. The defendant does not appeal that denial. Consequently, this Court will focus only on the 1994 charges.

[4]     As is reflected in the block quote in the text, supra, the transcript contains a reference to "Rhode Island General Laws 12-1-3.1." That reference is inaccurate since there is no § 12-1-3.1 in the General Laws. However, in view of the fact that the hearing justice accurately made

sealing a dismissed charge unless acquitted of all counts in a criminal case. The statute does seem to say that. I don't know how we can interpret that any differently. So, I have to deny those motions."

The defendant appealed the hearing justice's denial of her motion to seal as it related to Count One of the October 1994 criminal information.[5]

## II

## Issue on Appeal

On appeal, defendant contends that the hearing justice erred in denying the motion to seal the record relative to the dismissed 1994 charge of felony assault with a dangerous weapon. Specifically, defendant argues that § 12-1-12(a) and § 12-1-12.1(a) are in conflict because, in her view, § 12-1-12(a) mandates the sealing of all court records relating to a charge on which an individual has been exonerated, whereas § 12-1-12.1(a) allows for a motion to seal court records only when an individual has been "acquitted or otherwise exonerated of all counts in a criminal case." (Emphasis added.)

## III

## Standard of Review

This Court reviews questions of statutory construction in a de novo manner. Downey v. Carcieri, 996 A.2d 1144, 1149 (R.I. 2010); see also Planned Environments Management Corp. v. Robert, 966 A.2d 117, 121 (R.I. 2009); State v. Briggs, 934 A.2d 811, 814 (R.I. 2007). It is a

---

reference to certain critical language in § 12-1-12.1(a) ("all counts in a criminal case"), we deem the erroneous statutory reference to be of no moment.

[5]     We note that defendant's appeal was filed prior to the entry of a final order in the Superior Court, which occurred on April 12, 2013. Nonetheless, under circumstances such as the instant case presents, this Court will treat a premature appeal as timely filed. See In re Kayla N., 900 A.2d 1202, 1206 n.6 (R.I. 2006); see also State v. Espinal, 943 A.2d 1052, 1057 n.4 (R.I. 2008) (citing Article I, Rule 4(b) of the Supreme Court Rules of Appellate Procedure).

fundamental principle that, "when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996); see also DeMarco v. Travelers Insurance Co., 26 A.3d 585, 616 (R.I. 2011); Sidell v. Sidell, 18 A.3d 499, 504 (R.I. 2011). It is only when a statute is ambiguous that we "apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature." Tarzia v. State, 44 A.3d 1245, 1252 (R.I. 2012) (internal quotation marks omitted); see also Downey, 996 A.2d at 1150.

**IV**

**Analysis**

**A**

**The Relevant Statutes**

The two statutes at issue in this appeal are § 12-1-12(a) and § 12-1-12.1(a). At the time of the trial justice's decision, § 12-1-12(a) provided as follows:

> "Any fingerprint, photograph, physical measurements, or other record of identification, heretofore or hereafter taken by or under the direction of the attorney general, the superintendent of state police, the member or members of the police department of any city or town or any other officer authorized by this chapter to take them, of a person under arrest, prior to the final conviction of the person for the offense then charged, shall be destroyed by all offices or departments having the custody or possession within sixty (60) days after there has been an acquittal, dismissal, no true bill, no information, or the person has been otherwise exonerated from the offense with which he or she is charged, and the clerk of court where the exoneration has taken place shall, consistent with § 12-1-12.1, place under seal all records of the person in the case including all records of the division of criminal identification established by § 12-1-4; provided that the person shall not have been previously convicted of any felony offense. Any person who shall violate any provision of this section shall be fined not exceeding one hundred dollars ($100)."

- 4 -

Similarly, at that time, § 12-1-12.1(a) provided as follows:

> "Any person who is acquitted or otherwise exonerated of all counts in a criminal case, including, but not limited to, dismissal or filing of a no true bill or no information, may file for the sealing of his or her court records in the case, provided, that no person who has been convicted of a felony shall have his or her court records sealed pursuant to this section."[6]

A disposition amounting to exoneration is one of the preconditions for relief under both of these statutes, and the parties agree that defendant was clearly "exonerated" of Count One in the 1994 information due to the fact that the state dismissed that charge.

The defendant asserts that the hearing justice erred in denying the motion to seal because, defendant submits, §§ 12-1-12(a) and 12-1-12.1(a) are in conflict. The defendant posits that the conflict exists because § 12-1-12(a) provides for the sealing of all court records by the clerk of the court within sixty days after exoneration, provided the person has not previously been convicted of a felony and, therefore, the sealing of her court record pertaining to Count One,

---

[6]     Sections 12-1-12(a) and 12-1-12.1(a) were amended by the General Assembly effective July 15, 2013 by P.L. 2013, ch. 301, § 1. The amendment did not result in any material, substantive changes that would affect the instant case. The amended portion of § 12-1-12(a) reads as follows:

> "(2) Any person previously convicted of any felony offense shall not be entitled to relief under this section except for those records in cases of acquittal after trial."

> "(3) Any person who shall violate any provision of this section shall be fined not exceeding one hundred dollars ($100)."

As amended § 12-1-12.1(a) reads:

> "Any person who is acquitted or otherwise exonerated of all counts in a criminal case, including, but not limited to, dismissal or filing of a no true bill or no information, may file a motion for the sealing of his or her court records in the case, provided, that no person who has been convicted of a felony shall be entitled to relief under this section except for those records in cases of acquittal after trial."

pursuant to § 12-1-12(a), is mandatory and not discretionary. However, § 12-1-12.1(a) provides for the sealing of all court records only when a person is exonerated of "all counts in a criminal case." According to defendant's reading of the statutes, § 12-1-12(a) requires the sealing of court records that § 12-1-12.1(a) does not allow to be sealed. The defendant avers that, because of the alleged conflict, this Court should not rely merely on the plain language of the statute.

The state counters, contending that the plain language of § 12-1-12.1(a) clearly requires exoneration of <u>all</u> <u>counts</u> in a criminal case in order for the individual to be eligible to have his or her record sealed. Moreover, the state argues, § 12-1-12(a) deals with the destruction of physical identification records whereas § 12-1-12.1(a) deals with court records. The state also points out that the only time that court records are mentioned in § 12-1-12(a), a specific reference to the sealing requirements of § 12-1-12.1(a) is made. Consequently, the state contends: (1) that there is no conflict between the two statutory provisions; and (2) that this Court should affirm the trial justice's decision because it is based on the plain language of § 12-1-12.1(a).

Pursuant to our canons of statutory construction, we first address whether or not the statute in question has a plain meaning and is, as such, unambiguous. See <u>DeMarco</u>, 26 A.3d at 617; <u>State v. DiCicco</u>, 707 A.2d 251, 253 (R.I. 1998). If we find the statute to be unambiguous, we simply apply the plain meaning and our interpretive task is done. <u>See</u>, <u>e.g.</u>, <u>State v. Graff</u>, 17 A.3d 1005, 1010 (R.I. 2011) ("[W]e have indicated that a clear and unambiguous statute will be literally construed.") (internal quotation marks omitted); <u>State v. Oliveira</u>, 882 A.2d 1097, 1110 (R.I. 2005) ("[W]hen we examine an unambiguous statute, there is no room for statutory construction and we must apply the statute as written.") (internal quotation marks omitted). We end the process of statutory construction upon concluding that a statute has a plain meaning because "our ultimate goal is to give effect to the General Assembly's intent," and we have

repeatedly observed that the plain language of a statute is the "best indicator of [legislative] intent." Olamuyiwa v. Zebra Atlantek, Inc., 45 A.3d 527, 534 (R.I. 2012) (internal quotation marks omitted); see also Martone v. Johnston School Committee, 824 A.2d 426, 431 (R.I. 2003) ("[O]ur ultimate goal is to give effect to the General Assembly's intent * * * [and] [t]he best evidence of such intent can be found in the plain language used in the statute."); Fleet National Bank v. Clark, 714 A.2d 1172, 1177 (R.I. 1998) ("If the language is clear on its face, then the plain meaning of the statute must be given effect and the Court should not look elsewhere to discern the legislative intent.") (internal quotation marks omitted); Little v. Conflict of Interest Commission, 121 R.I. 232, 237, 397 A.2d 884, 887 (1979) ("It is a primary canon of statutory construction that statutory intent is to be found in the words of a statute, if they are free from ambiguity and express a reasonable meaning.").

We begin by scrutinizing § 12-1-12.1(a), an enactment that relates to judicial records. That statute expressly requires a dismissal of all counts in a criminal case for an individual to be eligible to have his or her record of a dismissed charge sealed: "Any person who is acquitted or otherwise exonerated of all counts in a criminal case * * * may file a motion for the sealing of his or her court records in the case * * * ." (Emphasis added.) We detect no ambiguity in the General Assembly's use of the words "all counts." The General Assembly certainly "has not sounded an uncertain trumpet" since the plain language of § 12-1-12.1(a) clearly requires that an individual be exonerated of all counts in a criminal case in order to have the record in that case sealed. State v. Calise, 478 A.2d 198, 201 (R.I. 1984) ("In the case at bar the Legislature has not sounded an uncertain trumpet."). Any other interpretation would require this Court to ignore the statute's pellucid "all counts" language and, in essence, rewrite the statute—thereby flying in the face of the fundamental principle that a court should not rewrite a statute enacted by the General

- 7 -

Assembly. See Calise, 478 A.2d at 201 (stating that the Court has "neither the authority nor the competence to rewrite" a statutory definition); see also Dodd v. United States, 545 U.S. 353, 359 (2005) (stating that a court is simply "not free to rewrite [a] statute that Congress has enacted"). Moreover, we have repeatedly held that a Court may not "broaden statutory provisions by judicial interpretation unless such interpretation is necessary and appropriate in carrying out the clear intent or defining the terms of the statute." State v. Santos, 870 A.2d 1029, 1032 (R.I. 2005) (internal quotation marks omitted); see also Rivera v. Employees' Retirement System of Rhode Island, 70 A.3d 905, 910 (R.I. 2013) ("[W]e have noted that [w]here there is no ambiguity, we are not privileged to legislate, by inclusion, words which are not found in the statute.") (internal quotation marks omitted); Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island, 943 A.2d 1045, 1049 (R.I. 2008) ("[O]ur assigned task is simply to interpret the act, not to redraft it * * * .") (internal quotation marks omitted). Accordingly, we conclude that the hearing justice appropriately applied the plain language of § 12-1-12.1(a) in denying defendant's motion to seal, as she was required to do. See State v. Manocchio, 743 A.2d 555, 558 (R.I. 2000) (stating that the Superior Court does not possess an "inherent power to disregard the specific criteria and limitations on the expungement and sealing of * * * records that are set forth in the statute"); see generally Green v. Biddle, 21 U.S. (8 Wheat.) 1, 89-90 (1823) ("[W]here the words of a law * * * have a plain and obvious meaning, all construction, in hostility with such meaning, is excluded."); see also Graff, 17 A.3d at 1010-12 (finding error in a trial justice's overly expansive interpretation of a statute). When we apply the plain language of § 12-1-12.1(a), we reach precisely the same conclusion as did the hearing justice: pursuant to that statute, defendant was not entitled to have her record pertaining to Count

One sealed because she opted to plead nolo contendere to Count Two, and, consequently, she was not exonerated of "all counts[.]"

The defendant contends that, in spite of the plain language of § 12-1-12.1(a), we must go beyond the plain meaning in our analysis because the just cited statute, in defendant's view, is in conflict with § 12-1-12(a). Upon review of both statutes, however, we are unable to perceive the presence of any conflict. The pertinent language of § 12-1-12(a), which defendant submits is in conflict with § 12-1-12.1(a), reads as follows: "[W]ithin sixty (60) days after there has been an acquittal, dismissal, no true bill, no information, or the person has been otherwise exonerated from the offense with which he or she is charged, the clerk of court where the exoneration has taken place shall, <u>consistent</u> <u>with</u> <u>§</u> <u>12-1-12.1</u>, place under seal all records of the person in the case including all records of the division of criminal identification established by § 12-1-4 * * * ." (Emphasis added.) Even if we assume <u>arguendo</u> that defendant's contention is correct and that § 12-1-12(a) is mandatory, there is no conflict created in view of the clear reference in § 12-1-12(a) to § 12-1-12.1. It is a basic canon of statutory construction that "the Legislature is presumed to have intended each word or provision of a statute to express a significant meaning, and the court will give effect to every word, clause, or sentence, whenever possible." <u>State v. Bryant</u>, 670 A.2d 777, 779 (R.I. 1996); <u>see</u> <u>also</u> <u>State v. Reis</u>, 430 A.2d 749, 752 (R.I. 1981). The General Assembly specifically and unambiguously required that the sealing of records under § 12-1-12(a) be consistent with § 12-1-12.1. Accordingly, we conclude that there is no conflict between § 12-1-12(a) and § 12-1-12.1(a) because § 12-1-12(a) requires the sealing of court records only when doing so would be permissible under § 12-1-12.1(a). As a result, we hold that the hearing justice did not err by hewing to the plain language of § 12-1-12.1(a) when passing upon defendant's motion to seal.

# B

## The Defendant's Further Arguments

The defendant has set forth some further arguments to support her contention that the hearing justice's order was in error. We address these arguments briefly. The defendant contends that § 12-1-7 is also in conflict with § 12-1-12.1(a) because § 12-1-7 requires that the Attorney General maintain only a record of information of "all persons who shall be or shall have been convicted of [a] felony, or imprisoned for violating any of the military, naval, or criminal laws of the United States or of any state, and of all well-known and habitual criminals from wherever procurable." According to defendant, the duty of the Attorney General pursuant to § 12-1-7 does not include the maintenance of records of those individuals who have been convicted of a misdemeanor or had charges against them dismissed. The defendant posits that § 12-1-7 is in conflict with § 12-1-12.1(a) because § 12-1-12.1(a) prohibits the sealing of records that § 12-1-7 does not require the Attorney General to maintain. However, we perceive no conflict between the fact that the Attorney General is required by statute to maintain only records of felony convictions and the fact that the courts are prohibited from sealing a dismissed felony charge when there was a plea of nolo contendere to an accompanying misdemeanor charge, as occurred in the instant case. Each of the two statutory provisions clearly applies to an entirely different governmental body, and consequently the statutes are not even arguably in conflict. See Olamuyiwa, 45 A.3d at 534 (stating that, when a statute is clear and unambiguous the Court gives the words in the statute their plain and ordinary meaning). Moreover, defendant's contention that these two statutes are in conflict, even if it were meritorious, does not change the conclusion that this Court has made—viz., that the plain language of § 12-1-12.1(a) requires

exoneration on all counts in a criminal case before an individual is eligible to have his or her record sealed.

Finally, defendant further argues that the General Assembly "did not intend for those individuals with a companion misdemeanor charge to be prohibited from destruction of all other 'felony' charges that they were exonerated of * * * ." The defendant, citing the difficulties that an individual encounters when there is a record of his or her arrest, contends that there is no legitimate law enforcement purpose in maintaining the record of charges on which she has been exonerated. Once again, while we do not minimize the challenges that a record of arrest can pose, defendant's contentions are unavailing due to the plain language of § 12-1-12.1(a)—and a statute's plain language is "the best indicator of legislative intent." Graff, 17 A.3d at 1010; see also Santos, 870 A.2d at 1032. We are not the branch of Rhode Island government responsible for policy-making; accordingly, any remedy to such hardship as may result from the application of the plain language of § 12-1-12.1(a) would fall within the competence of the General Assembly. See Air Distribution Corp. v. Airpro Mechanical Co., Inc., 973 A.2d 537, 542 (R.I. 2009); see generally, Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp., 545 F.2d 754, 757-58 (1st Cir. 1976).

Accordingly, we hold that the hearing justice did not err when she denied the defendant's motion to seal Count One, pursuant to § 12-1-12.1(a), because the defendant had not been exonerated of all counts in the criminal case.

## V

### Conclusion

For the reasons set forth in this opinion, we affirm the Superior Court's denial of the defendant's motion to seal. The record may be returned to that tribunal.

- 11 -


**TITLE OF CASE:**  State v. Linda A. Diamante.

**CASE NO:**  No. 2010-50-C.A.
(P2/94-3350A)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  January 30, 2014

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Susan E. McGuirl

**ATTORNEYS ON APPEAL:**

For State:  Aaron L. Weisman
Department of Attorney General

For Defendant:  Lara E. Montecalvo
Office of the Public Defender