June 8, 2018

**Supreme Court**

No. 2016-157-Appeal.
(PC 12-2481)

Janet L. Coit, in her capacity as Director of   :
    the Department of Environmental
       Management, et al.

            v.                   :

  Vincent Coccoli, d/b/a Millville       :
    Associates, Inc., et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Janet L. Coit, in her capacity as Director of   :
    the Department of Environmental
        Management, et al.

             v.                 :

Vincent Coccoli, d/b/a Millville       :
    Associates, Inc., et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.** This case came before the Supreme Court on February 7, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. The plaintiffs, the Rhode Island Department of Environmental Management (DEM) and the State of Rhode Island, appeal from the trial justice's decision granting summary judgment in favor of the defendants, Vincent Coccoli, doing business as Millville Associates, Inc. (Coccoli or Millville), and Patrick Conley, as Trustee of the Pearl Trust (Conley or the Pearl Trust) (collectively defendants). The DEM also appeals from the denial of its motion to file a second amended complaint. The DEM argues that the hearing justice erred as a matter of law when she concluded that an administrative penalty could not be enforced through an injunctive proceeding. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument. We dismiss the appeal because it is not properly before this Court.

## Facts and Travel

Millville and the Pearl Trust were the owners of real property located on Pearl Avenue in North Providence, Rhode Island (the Pearl Avenue property).[1]  On October 25, 2002, DEM issued a letter of responsibility addressed to the Pearl Trust, requesting that the Pearl Trust investigate the release of hazardous materials in the form of chlorinated volatile organic compounds on the Pearl Avenue property.  Thereafter, the contamination was properly remediated.  Subsequently, the property abutting the Pearl Avenue property, located at 18 Thelma Avenue (the abutting property), was reported to have excessive chlorinated volatile organic compounds detected in the groundwater.  The DEM concluded that the Pearl Avenue property was the probable source of the contamination, and it notified Millville that it was responsible for the remediation of the contamination.

On October 10, 2006, DEM issued an interim letter of compliance to Millville, acknowledging that the soils on the Pearl Avenue property had been brought into compliance, but that Millville remained responsible for the remediation of the abutting property.  There was no action after this notification.

On December 22, 2006, DEM issued a letter of noncompliance to Millville, for failure to address the contamination on the abutting property.  The letter of noncompliance required Millville to submit a remedial action work plan to DEM by February 1, 2007.  Millville submitted a remedial action work plan regarding the abutting property, and DEM issued an order of approval that required Millville to initiate remediation on or before February 28, 2007.  There

---

[1] The Pearl Trust owned the Pearl Avenue property from 2002 to 2005.  Later, Conley, through the Pearl Trust, transferred the Pearl Avenue property to Sedona Associates, LLC (Sedona).  Sedona was operated by Conley.  In 2005, Sedona transferred the Pearl Avenue property to Coccoli, who was doing business as Millville Associates.  Coccoli thereafter transferred the property to Kevin O'Sullivan in 2006.  Subsequently, Conley reacquired the property.

was no action to commence remedial efforts by the required deadline. Thereafter, DEM issued a notice of intent to enforce addressed to Millville *and* the Pearl Trust for the failure to remediate the abutting property. The notice also required Millville and the Pearl Trust to begin remediation on or before July 15, 2007.

Several years later, in 2010, DEM issued a notice of violation (NOV) against defendants for failure to comply with the remediation order for the abutting property.[2] The NOV ordered defendants to begin installation and operation of the remedial plan within thirty days of receipt of the NOV, and assessed a $45,000 administrative penalty. The notice further informed defendants of their right to request an administrative hearing within twenty days of the notice. The defendants neither responded to the NOV nor requested an administrative hearing.

Time passed. In 2012, DEM commenced the present action against defendants, seeking injunctive relief to require defendants to remediate.[3] The DEM also sought enforcement of the administrative penalty, arguing that its authority to do so arose from G.L. 1956 § 42-17.1-2(21)(v).[4]

On July 29, 2013, Coccoli filed a motion to dismiss and contended that he was not an individual owner of the Pearl Avenue property and that he did not receive proper notice of the NOV. Similarly, Conley moved for summary judgment, asserting that the Pearl Trust was extinguished at the time the NOV was issued and that he could not be held personally liable for

---

[2] The notice of violation was addressed to Vincent Coccoli, d/b/a Millville Associates, Inc., Kevin O'Sullivan, and the Pearl Trust.

[3] The DEM commenced an action naming Vincent Coccoli, d/b/a Millville Associates, Inc.; Patrick T. Conley, individually and as Trustee of the Pearl Trust; and Kevin O'Sullivan. The action against Kevin O'Sullivan was dismissed following a stipulation of dismissal between the parties.

[4] On October 20, 2012, DEM amended its complaint to assert that the requirements under the final order and administrative penalty could be enforced through injunctive relief proceedings.

the inaction of the Pearl Trust. The DEM filed a cross-motion for summary judgment, contending that, as a matter of law, it was entitled to enforce the NOV, which it contended became enforceable when defendants failed to timely request an administrative hearing.

More time passed, as did the contamination. In 2015, the levels of contamination located on the abutting property had naturally deteriorated to acceptable levels. In turn, DEM released defendants from the remediation requirement, but continued to seek enforcement of the $45,000 administrative penalty. In response, defendants filed a joint motion for summary judgment, arguing that the release of the remediation requirement also released them from the administrative penalty. The DEM objected to the motion and filed a cross-motion for summary judgment.

On December 11, 2015, a hearing on the parties' respective motions was held. The hearing justice concluded that the partial release by DEM did not operate to release or discharge defendants from their obligations under the NOV, but that the question of whether DEM could enforce the administrative penalty through an action for injunctive relief under § 42-17.1-2(21)(v) remained. The DEM then sought to amend its complaint for a second time, to include an assertion that DEM could enforce an administrative penalty through injunctive relief under both §§ 42-17.1-2(21)(vi) *and* 42-17.6-4(c).[5] On February 17, 2016, fourteen years after

---

[5] While DEM's 2012 amended complaint cited to § 42-17.1-2(21)(v), in 2013, chapter 17.1 of title 42 of the general laws was amended and that subsection was renumbered to § 42-17.1-2(21)(vi). Section 42-17.1-2(21)(vi) states:

> "Whenever a compliance order has become effective, whether automatically where no hearing has been requested, where an immediate compliance order has been issued, or upon decision following a hearing, the director may institute injunction proceedings in the superior court of the state for enforcement of the compliance order and for appropriate temporary relief, and in that proceeding, the correctness of a compliance order shall be

DEM first became involved in the Pearl Avenue property, the trial justice issued a bench decision finding that DEM could not enforce an administrative penalty in the context of an action for injunctive relief. The trial justice granted defendants' motion for summary judgment and denied DEM's cross-motion for summary judgment and motion to file a second amended complaint, on the ground that the agency could not enforce an administrative penalty through an injunctive proceeding. The DEM filed a timely notice of appeal.

This appeal is not properly before this Court. The DEM filed a complaint with the Superior Court seeking injunctive relief to enforce a final compliance order, pursuant to § 42-17.1-2(21). Section 42-17.1-2(21) states that DEM has the authority:

> "[t]o give notice of an alleged violation of law to the person responsible therefor whenever the director determines that there are reasonable grounds to believe that there is a violation of any provision of law within his or her jurisdiction or of any rule or regulation adopted pursuant to authority granted to him or her, unless other notice and hearing procedure is specifically provided by that law. Nothing in this chapter shall limit the authority of the attorney general to prosecute offenders as required by law."

However, in accordance with chapter 17.1 of title 42 of the general laws, the agency can seek appellate review only by way of a petition for writ of certiorari. Specifically, § 42-17.1-2(21)(vii) provides that:

> presumed and the person attacking the order shall bear the burden of proving error in the compliance order, except that the director shall bear the burden of proving in the proceeding the correctness of an immediate compliance order. The remedy provided for in this section shall be cumulative and not exclusive and shall be in addition to remedies relating to the removal or abatement of nuisances or any other remedies provided by law[.]"

Additionally, § 42-17.6-4(c) provides:

> "If a person waives his or her right to an adjudicatory hearing, the proposed administrative penalty shall be final immediately upon the waiver."

"Any party aggrieved by a final judgment of the superior court may, within thirty (30) days from the date of entry of such judgment, petition the supreme court for a *writ of certiorari to review any questions of law*. The petition shall set forth the errors claimed. Upon the filing of the petition with the clerk of the supreme court, the supreme court may, if it sees fit, issue its writ of certiorari." (Emphasis added.)

Based on our review of this statute and the provisions of chapter 17.1 of title 42, we deem § 42-17.1-2(21)(vii) to be clear and unambiguous and therefore it must be applied in accordance with its plain and ordinary meaning. *State v. Diamante*, 83 A.3d 546, 550 (R.I. 2014). Accordingly, an appeal from a final judgment of the Superior Court brought under § 42-17.1-2(21) must proceed by way of a petition for a writ of certiorari. The DEM's failure to comply with this statute is fatal to this appeal.

## Conclusion

For the reasons set forth herein, we dismiss the appeal. The papers in this case shall be remanded to the Superior Court.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Janet L. Coit, in her capacity as Director of the Department of Environmental Management, et al. v. Vincent Coccoli, d/b/a Millville Associates, Inc., et al. |
| **Case Number** | No. 2016-157-Appeal. (PC 12-2481) |
| **Date Opinion Filed** | June 8, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Patricia A. Hurst |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Gregory S. Schultz, Esq.<br>Christina Anne Hoefsmit, Esq. |
| | For Defendants:<br><br>Vincent Coccoli, Pro Se<br>Patrick T. Conley, Esq. |